Appellant was convicted of sodomy. The motion to quash the indictment was based upon two grounds, to-wit: "It does not appear that an offense against the law is committed by defendant," and "it fails to state the term of said court at which the grand jury was organized, or that it was presented at the same term in which the grand jury was organizedd." We think there is no merit in either contention. The indictment, as to its substance, charges the offense in *Page 369 
the usual and ordinary form, and the appellant points out no supposed particular defect. The formal part of the indictment avers the court was then in session for the Fifty-fourth Judicial District, and that it was presented, into that court, in open court, and it does allege it to be the act of the grand jury of McLennan County, and the minutes show it was presented in open court, on the 19th day of September, 1895. It certainly is sufficient if the averments allege, definitely, that, the indictment was the act of a grand jury of the proper county, and that it was presented in the District Court of the county where that grand jury is in session. This is done in this indictment. No exceptions were reserved to the admission of evidence. Therefore, errors supposed to have been committed by such rulings will not be revised. There was a direct conflict in the evidence. If the State's evidence be true, as testified by the eye-witness, the appellant is guilty. This was denied by appellant in his testimony. The jury credited the State's evidence. We are not authorized to disturb the verdict under such state of case. The judgment is affirmed.
Affirmed.