CASE 82—INDICTMENT—JUNE 24.

Barnes v. Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. CRIMINAL LAW—PEREMPTORY INTRUCTIONS—EVIDENCE.—Where the evidence presented by the State tended to show the existence of each of the material facts essential to constitute the complete offense denounced by the statute and set out in the indictment, the peremptory instruction was properly overruled.

2. INDICTMENT.—An indictment for forgery is not bad for duplicity in charging the forgery of a bank check and signature, it being intended merely by alleging the forgery of the signature to set out the manner in which the check was forged.

3. FORGERY—SIMILITUDE.—To render indictable and punishable forgery of the signature of a private person there need not be any similitude, and it was immaterial that the paper was not such an instrument as was calculated to deceive, on its face, any person of ordinary care, intelligence, and prudence.

4. EVIDENCE.—The possession of similar checks bearing false certifications by the defendant was admissible as tending to show his guilty intent with respect to the check charged in the indictment.

5. INSTRUCTIONS.—It was not necessary that the jury should, in order to convict the defendant, believe that his intent was to defraud Carson or the bank. It is sufficient if the intent was shown to sell the fraudulent check or pass it off on some one of the public.

Barnes v. Commonwealth.

6. FORGERY—INDICTMENT.—An indictment for forgery must aver the name of the person, corporation, or State, who it was intended to be defrauded by the forgery, if known, and if unknown it must be averred that it is unknown.

W. S. BRONSTON FOR APPELLANT.

. The mere false making of a note without the intent to defraud some one does not constitute the crime of forgery, for there is no presumption of law that the accused has actually forged a note on another person, when he has not uttered the same. Fox v. The People, 1 N. W. Rept., 702.

2. Both the false making of the instrument and the fraudulent intent must be proved, and it was not sufficient that only one of these was shown. 10 Ky. Law Rept., 413.

3. The simple possession of a forged paper without an attempt to pass or utter the same, was not an offense under the common law and is not under our statute. Amer. & Eng. Enc. of Law, vol. 8, p. 495 and note; Harris, Criminal Law, p. 222.

4. Under the provisions of section 1188, of the Kentucky Statutes, the name of the person defrauded or to be defrauded must be charged in the indictment; and even under an allegation of a general intent to defraud, it must be proven that there was some one certain person toward whom the effort to defraud was directed, or whom it was possible to defraud. 12 Bush, 342; 17 Ky. Law Rept., 223; 97 Ky., 633; 6 Ky. Law Rept., 591.

5. The indictment charges that the defendant did "forge and counterfeit a certain bank check and signature," thereby charging two offenses, which is contrary to the provisions of section 126, of the Criminal Code.

6. The indictment was defective because it failed to allege that the check was signed without the authority of Carson.

7. It was error to admit in evidence to show defendant's intent in passing the check, other checks found on defendant's person, without proof that they were also forgeries. People v. Altman, 42 N. E., 180; 147 N. Y., 47; Commonwealth v. Russell, (Mass.) 40 N. E., 763.

W. S. TAYLOR FOR APPELLEE.

1. It was not necessary to prove that the appellant executed the check with the fraudulent intent of depriving Carson of his money. It was sufficient to show that the instrument was false, and that he had executed it with the motive of gain and the

intent of defrauding some one. Arnold v. Coast, 3 Gill & J. Md., 219.

2. Where a check will create a liability if genuine it is calculated to defraud. State v. Colyer, 44 Wis., 26; State v. Johnson, 26 Iowa, 207; Commonwealth v. Stevens, 56 Mass., 481.

3. In an indictment for forgery evidence of other similar forgeries is admissible. Amer. & Eng. Enc. of Law, vol. 8, p. 530; People v. Decroft, 1 N. Y. Sup., 692; Hennessey v. State, 23 Texas, 340; People v. Everheart, 104 N. Y., 591; U. S. v. Hinnan, Baldw. C. C., 292.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

Appellant was indicted and convicted of the offense of forgery, the indictment charging forgery of a bank check and signature of Thomas J. Carson; averring lack of authority from Carson, and that the check was forged by Barnes with intent to fraud. It appears from the bill of evidence that, for some reason, appellant was arrested by the police; when taken to the stationhouse was searched, and a number of checks and some other papers were found concealed upon his person, between his shirt and his body. One of the witnesses testified that appellant slipped the papers from his pocket and put them down his shirt collar at the police station. Carson, the purported maker of the check, testified that he never signed or authorized the signature to the check in question; that he received a letter from appellant, and wrote an answer to it, which was found on appellant's person. Two others of the checks purported to be signed by Mr. Carson, and substantially the same testimony was given in regard to them. It was proven by the bank officers that the certificates upon the checks were forgeries.

The first objection urged by appellant is that a peremp-

tory instruction should have been given by the lower court upon the conclusion of the testimony for the Commonwealth. It may be said that counsel's contention is correct, that it is essential to make out for the Commonwealth three essential ingredients, viz., that the defendant forged the writing; that he did so with fraudulent intent, and that the instrument forged must be apparently capable of effecting a fraud. The instrument was undoubtedly a forgery; was found upon appellant's person under suspicious circumstances of concealment, with other forged papers of like character, and no explanation of any kind has been produced by him to account for his possession of the forged writings. It seems to us that, under the circumstances shown by the bill of evidence to have existed, there was evidence tending to prove both the forgery by the appellant and an intent to pass as genuine the check, with the forgery of which he is charged in the indictment. This being so, this court would not be authorized to disturb the verdict of the jury. As said by Judge Holt, in Commonwealth v. Cozine, 10 Ky. Law Rep., 413, "it is the well settled rule in this State that whenever any evidence is presented, however slight, tending to show guilt, the question should be left to the determination of the jury." It was further said in that case that "it is not sufficient, however, that it should be testimony relating to one fact merely, which in and of itself will not authorize conviction." But in this case we have the evidence presented tending to show the existence of each of the material facts essential to constitute the complete offense denounced by the statute.

It is objected that the attorney for the Commonwealth

inquired concerning a letter written by appellant to the witness, Carson, and then permitted Carson to testify that he wrote the letter to appellant which was taken from appellant's person. As to this it may said that testimony as to the contents of the former letter was excluded by the court, and the fact that he received a letter was competent to be proved by him without its production. Nor do we think the indictment is bad for duplicity, in charging the forgery of a bank check and signature. (Bishop's New Crim. Proc., section 436.)

The averment as to the forgery of the signature is redundant, it is true, but it is merely an averment of the manner in which the check was forged—i. e., by the forgery of the signature thereof. A further objection urged is, that the forged paper was not capable of effecting a fraud, and an instruction to the jury was based upon this view of the law and requested by the appellant. Appellant offered to prove, and made the proper avowal that he could prove, by one of the witnesses for the Commonwealth that the paper was not such an instrument of writing as was calculated on its face to deceive any person of ordinary intelligence, care and prudence. "The forgery of a check on a bank," says Bishop's New Criminal Law, volume 2, section 593, "may be punishable, though the similitude is not such as would be likely to deceive the officers of the bank. Beyond which such a check would ordinarily be within the doctrine of our last paragraph, if made to be sold in the open market instead of being presented to the bank."

And again, in the same section, Bishop says: "The signatures of private persons are not ordinarily known to the

public. Plainly, therefore, to render indictable the forgery
of a signature of this sort, there need commonly be no
similitude."

Objection is also made to the introduction of checks
numbered 4, 5 and 6 upon the ground that there was no
evidence that these checks were forgeries. It is shown,
however, by the assistant cashier that the certifications
upon said checks were not genuine, and we think the pos-
session of similar checks bearing false certifications was
admissible evidence as tending to show the guilty intent
of appellant with respect to the check charged in the indict-
ment.

Another objection urged by counsel for appellant is that
a personal letter written by T. J. Carson to the Common-
wealth's attorney was, by mistake, handed to the jury and
inspected by them, one of the jurors having asked to see
the letter which had been introduced. The letter shown
him contained references to the arrest of appellant, and
to the fact that forged papers had been found upon his
person. We do not think this objection well taken, as the
court instructed the jury that, for no purpose, was the letter
which they had seen competent evidence, or to be taken
into consideration in making their verdict. It was also
objected that the Commonwealth's attorney, in his argu-
ment to the jury, stated that after appellant's arrest he had
never yet said a word, or used some similar expression. The
jury were, however, instructed that the remark was im-
proper, and the court cautioned them in no way to take
into consideration, in making their verdict, the fact that
defendant had not testified. It is further objected to the

(36)

instructions that the court refused to give instructions 1 and 2, offered on behalf of appellant, in effect requiring the jury, in order to convict, to believe that the forgery was done fraudulently, to obtain the possession of, or to deprive Carson of, his money or property. This was properly refused, whether the indictment be considered as drawn under section 1189 or under section 1188 of the Kentucky Statutes. The instructions given by the court seem to us to correctly state the law. It was not necessary that the jury should, in order to convict, believe that the intent was to defraud Carson or the bank. If the intent was shown to sell the forged check, or to pass it off on some one of the public, the fact is sufficient under the rule before cited from Bishop. The indictment in this case charges that the check in question "was made and forged by said Barnes with the intent to defraud, against the peace and dignity," etc., without stating the name of any person who was intended to be defrauded, or averring that the name of such person was unknown to the grand jury.

It is contended very earnestly, and with great plausibility, that it was necessary to show some person who was the object of the fraudulent purpose of appellant, and that it was possible to defraud that person, and further, that the indictment is fatally defective on account of the omission mentioned, and the demurrer thereto should have been sustained by the trial court. These questions, which are the only questions remaining for decision, will be considered together. "The common law rules require the name of the person. corporation, State, or the like, meant to be defrauded, to be averred, if known, to the grand jury, or, if not

known, require the averment that it is not." (Bishop's Directions and Forms, section 457.)

"The intent to defraud a person or the public, not necessarily a fraud consummated, must be proved, in general and as to the individual, comformably to the allegation. The question is for the jury, who still proceed by the rules; thus the intent is presumed to defraud the person whose name is forged, without the testimony of witnesses, from the forgery itself." (Bishop's New Crim. Proc., vol. 2, sec. 427.)

In England and some of our States it has been declared by statute sufficient to charge the intent to defraud in general terms, without giving names, but no such statute appears to have been adopted in this State, and we have neither been cited to, nor have we found, any Kentucky case holding that this rule of the common law may be disregarded. In Stowers v. Commonwealth, 12 Bush, 343, it was said by Judge Elliott that "there is some conflict of authority as to whether the indictment does not have to show the person the prisoner intended to defraud." In Moore v. Commonwealth, 92 Ky., 633, in an indictment drawn under what is now section 1188, Kentucky Statutes, it was held sufficient to aver an intent to cheat and defraud the State, the State being held to be another person within the meaning of the statute.

We conclude that the common law in this behalf has not been altered in this State, and that it is essential to aver the name of the person, corporation, State, or the like, or if not known, to aver that it is unknown. For a careful consideration of the common-law rule in this regard see Bishop's Directions and Forms, section 457.

For the reason given the judgment is reversed, with directions to set aside the judgment and sustain the demurrer to the indictment, and for further proceedings consistent with this opinion.