### Alvin Johnson v. The State.

No. 3357. Decided December 16, 1914.

**1.—Robbery—Principal—Circumstantial. Evidence—Charge of Court.**

Where, upon trial of robbery, the evidence was sufficient, although circumstantial, to connect the defendant with the transaction as a principal, and the court in a proper charge submitted the issue of principals and circumstantial evidence, there was no reversible error.

**2.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.**

In the absence of a bill of exceptions to the argument of State's counsel alluding to defendant's failure to testify, a complaint thereof made for the first time in the amended motion for new trial, eight days after the verdict had been rendered and judgment entered thereon, can not be considered on appeal. Davidson, Judge, dissenting.

**3.—Same—Motion for New Trial—Practice.**

Where appellant contended that the State's counsel alluded to defendant's failure to testify, to which he reserved no exception at the time, that error might be assigned therefor for the first time after verdict in his motion for new trial. Held, that such contention is contrary, not only to the trend of the decisions of this court, but also contrary to the provisions of the Code of Criminal Procedure, and such complaint for the first time after verdict in the motion for new trial comes too late and presents no ground for reversal, although defendant could have successfully excepted thereto when the argument was made and requested a discharge of the jury and a new trial. Following Wright v. State, 35 Texas Crim. Rep., 367, and other cases. Davidson, Judge, dissenting.

**4.—Same—Waiver—Practice on Appeal—Rule Stated.**

It was the evident intent and purpose of the Legislature to provide that any error committed during the trial of the case must be excepted to at that time, to give the trial court an opportunity to correct his error, or the matter will be considered as waived, and this court will not reverse the case on account of any error that appellant did not consider of sufficient importance to complain of during the trial. Davidson, Judge, dissenting.

**5.—Same—Allusion to Defendant's Failure to Testify.**

Where appellant contended that the State's counsel in his argument alluded to defendant's failure to testify to which he failed to except during the trial, and further contended that this was such an error that if the court's attention had been called to it by reserving an exception at the time, it was such an error that the court could not have remedied, and that, therefore, it could be complained of for the first time after verdict in the motion for a new trial. Held, that such contention is untenable and that appellant should have excepted at the time and have requested the court to discharge the jury from a further consideration of the case. Following Coffman v. State, 73 Texas Crim. Rep., 295, 165 S. W. Rep., 939. Davidson, Judge, dissenting.

**6.—Same—Argument of Counsel—Practice.**

This court can not sanction the practice of appellant and his counsel sitting idly by, without calling the attention of the trial court to what to them seems hurtful and damaging argument, speculating on the result and taking chances on acquittal, with the intention that if the trial results adversely to them, to seek to have the verdict set aside on account of a matter of which they were aware, but did not complain of when it occurred. Davidson, Judge, dissenting.

**7.—Same—Bills of Exception—Practice on Appeal.**

Although the bills of exception to the argument of State's counsel were not properly verified and certified to by the trial judge and need not be considered on appeal; yet, this court treated the matter as though it was properly verified and holds that it was too late after verdict in the motion for new trial to reserve an exception to the remarks of State's counsel alluding to defendant's failure to testify, and the matter will be considered as waived. Davidson, Judge, dissenting.

Appeal from the District Court of Wichita. Tried below before the Hon. Edgar Scurry.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*T. R. Boone,* for appellant.—On question of argument of State's counsel: Washington v. State, 77 S. W. Rep., 810; Anglin v. State, 80 S. W. Rep., 370; Good v. State, 66 S. W. Rep., 1099; Sanchez v. State, 69 S. W. Rep., 514; Hunt v. State, 12 S. W. Rep., 737; Brazell v. State, 26 S. W. Rep., 723; Barnard v. State, 86 S. W. Rep., 760; Bruce v. State, 53 S. W. Rep., 867; Martinez v. State, 85 S. W. Rep., 1066; Wallace v. State, 81 S. W. Rep., 966.

On question of bill of exceptions to argument of State's counsel in alluding to defendant's failure to testify: Beason v. State, 67 S. W. Rep., 96; Jenkins v. State, 93 S. W. Rep., 726; Fredericson v. State, 70 S. W. Rep., 754; Spangler v. State, 61 S. W. Rep., 314; McCarty v. State, 78 S. W. Rep., 506; Jones v. State, 33 Texas Crim. Rep., 7; Tyson v. State, 14 Texas Crim. App., 388; Bell v. State, 2 id., 215.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of robbery, and his punishment assessed at five years confinement in the State penitentiary.

In this case the evidence would show that one Travis Keys robbed Frank Morgan of seventy-five dollars, and the State relied on circumstantial evidence to connect appellant with the transaction as a principal. The court, among other things, instructed the jury: "Before you can convict the defendant, Alvin Johnson, in this case you must believe beyond a reasonable doubt that Travis Keys actually committed the offense of robbery as defined above, and as charged in the fourth paragraph of this charge, and you must further believe beyond a reasonable doubt that the defendant, Alvin Johnson, was present at the time of the commission of said offense, and knowing the unlawful intent aided said Travis Keys by acts, or encouraged him by words or gestures in the commission of said offense, or that said Alvin Johnson, prior to the commission of said offense, had advised and agreed with the said Travis Keys to the commission thereof, and had done some act pursuant to said agreement, and that he was actually present at the time said offense was committed." The court also in his charge properly instructed the jury as to who are principals in the commission of an offense, and instructed the jury the law governing a case depending on circumstantial evidence in a way not complained of by appellant, and in language frequently approved by this court. (Branch's Crim. Law, sec. 204, and authorities there cited.) In this case we can not hold, as a matter of law, that the facts and circumstances shown by the evidence were insufficient to authorize the jury to find that appellant was acting with Keys in the commission of the offense, if an offense was committed by Keys, and this the jury found to be a fact. While this is a companion case to that of Travis Keys v. State, reported in 60 Texas Crim. Rep., 279, 131 S. W. Rep., 1068, on this trial there was no evidence offered tending to show that the money was won from the prosecuting witness in a gambling game, as was done in that case, and yet the court held in that case that the evidence was sufficient to support a conviction for robbery, and in this case (without the evidence as to gambling) we could hardly be expected to hold that the evidence was insufficient to sustain a conviction for robbery.

The only other question presented in the record that it is necessary to discuss is presented in three bills of exception reserved after verdict and after the motion for new trial had been overruled, all relating to the same matter. In these bills it is claimed the prosecuting attorney used the following language: "It is in the power of the defendant to show what manner of man he is, the State can not show it; the law does not permit it. It is within the mouth of the defendant to tell what kind of a man he is, and I would like to know what kind of a man I am prosecuting and you would like to know what kind of a man you are setting in judgment on." In the bills of exception it is shown by the allegations of appellant that when the language was used, no exception was reserved to the argument, but it is admitted that the first time it was complained of was in the amended motion for new trial, filed the 8th day of August, eight days after the verdict had been rendered and judgment entered thereon. Appellant contends that this was a direct

allusion to defendant's failure to testify, and although it was not excepted
to during the trial of the case, it was a plain violation of article 790
of the Code of Criminal Procedure, which provides that a defendant
may be permitted to testify in his own behalf, but his failure to testify
shall not be considered as a circumstance against him, nor shall the same
be commented on or alluded to by counsel in their argument, and he
also contends that the error may be assigned for the first time after
verdict in the motion for a new trial. This contention, we think, con-
trary not only to the trend of decisions of this court, but contrary to
the provisions of the Code of Criminal Procedure. It has always been
the rule in this court that evidence admitted on the trial, no matter
how hurtful or harmful, if unobjected to during the trial of the case,
and complained of for the first time after verdict in the motion for new
trial, comes too late and presents no ground for reversal of the case,
although if objected to at the time it was offered during the trial it
would have presented ground for reversal. Wright v. State, 35 Texas
Crim. Rep., 367; Gonzales v. State, 30 Texas Crim. App., 203; Simon
v. State, 31 Texas Crim. Rep., 186, and cases cited under subdivision 1,
section 1123, White's Ann. Code of Criminal Procedure, where the rule
is stated to be: "A party can not be heard to complain of illegal and
incompetent evidence to which he did not object at the time of its intro-
duction." The law in these instances says certain testimony is inad-
missible, yet if not objected to when offered, it is too late to complain
of the matter after the trial is completed and verdict rendered.

It was formerly the rule in this State, that objections to the charge
of the court and errors pointed out therein for the first time in the
motion for a new trial could be considered by this court, but the Legis-
lature deemed this rule inadvisable, and changed it by specific legislative
enactment. In chapter 138, of the Acts of the regular session of the
Thirty-third Legislature (p. 278, Session Acts), it is provided that if
the charge is erroneous, the judgment shall not be reversed unless the
error was pointed out before the charge was read to the jury. And so
urgent did they deem this matter the law declares "the fact that there
are many reversals in criminal cases caused by errors in the charge of
the court due to the fact that such errors were not pointed out to the
trial judge before the charge was given, creates an emergency and im-
perative public necessity that the constitutional rule requiring bills to
be read on three several days be suspended, and that this Act be in effect
from and after its passage, and it is so enacted." Thus it is made plain
that if we follow the plain spirit, intent and language of our Code of
Criminal Procedure, if error be committed in the trial of the case, such
error must be excepted to at the time of and during the trial, or we must
not consider such matters on appeal. It was the evident intent and
purpose of the Legislature to provide that any error committed dur-
ing the trial of a case must be excepted to at that time to give the
trial court a chance to correct its error, or the matter will be considered
as waived, and this court shall not reverse a case on account of any
error that appellant did not consider of sufficient importance to complain

of during the trial. As to the wisdom of this rule, or its fairness and justness, we do not feel called upon to express an opinion. If it is deemed hurtful and harmful, inequitable and unjust, an appeal should be made to the law-making body, the Legislature, to change it, and the appeal should not be made to us to annul its provisions.

However, appellant contends that the use of such language by the prosecuting attorney was such an error that if the court's attention had been called to it by reserving an exception at the time, it was such an error that the court could not have remedied, therefore it was not necessary to except to it at the time, but it could be complained of for the first time after verdict in the motion for a new trial. It has been held in this State, and in Illinois, Indiana, and Mississippi, that if counsel for the State refers to the defendant's failure to testify, the withdrawal of the obnoxious remarks, and the instructions of the court to disregard them, will not cure the error. To this rule, if an open question, the writer would not give his assent, for the great weight of authority is against such rule. In the Encyclopedia of Law, vol. 2, page 724, it is said: "The weight of authority fairly sustains the proposition that the court may repair the injury by excluding the comments and properly admonishing the jury," citing State v. Chisnell, 36 W. Va., 659; Com. v. Harlow, 110 Mass., 411; State v. Graham, 62 Iowa, 108; Calkins v. State, 18 Ohio, 366; People v. Hess, 85 Mich., 128; People v. Rose, 4 N. Y. Supp., 787; Ruloff v. People, 45 N. Y., 213, which is referred to as a leading case.

In the American & English Encyclopedia of Pleading and Practice, vol. 5, page 340, it is said that "in some jurisdictions it is held that where unwarranted and prejudicial comment is made upon the prisoner's neglect to testify, the proceedings thereby become so fatally infected that a withdrawal of the obnoxious remarks and instructions of the court to the jury to disregard them can not be held to neutralize their pernicious effect. *But the weight of authority* fairly sustains the proposition that the court may repair the injury by excluding the comments and properly admonishing the jury," citing Dimmick v. United States, 121 Fed. Rep., 638; Wright v. United States, 108 Fed. Rep., 805; Lee v. State, 73 Ark., 148; State v. Buxton, 79 Conn., 477; Robinson v. State, 82 Ga., 535; United States v. Kuntze, 2 Iowa, 480; Barnes v. Commonwealth, 101 Ky., 556; People v. Hess, 85 Mich., 128; State v. Killeher, 201 Mo., 614; People v. Hoch, 150 N. Y., 291; Williams v. State, 30 Ohio, 342; State v. Harrison, 145 N. C., 408; State v. Howard, 35 S. C., 197; State v. Young, 74 Vt., 478; Dunn v. State, 118 Wis., 82; Price v. State, 77 Va., 393.

Many other cases could be cited sustaining the rule that if the court properly reprimands counsel and instructs the jury that they must not consider such comment, it will not be ground for reversal of the case, but as this court has adhered to the rule, that such instructions will not cure the error, we would not be willing to overrule this unbroken line of decisions where the remarks were objected to and excepted to at the time they were uttered and while the trial was still in progress.

Appellant cites us cases rendered by this court sustaining that rule, but in each and every case cited by appellant the remarks were objected to and exception reserved at the time they were uttered and while the case was still on trial. In none of them was the exception reserved and objection made for the first time after verdict in the motion for new trial.

But what is the reason for the rule, that the objection must be made and exception reserved at the time the argument is made, and during the progress of the trial? Appellant's able counsel insist and urge that there is no sound reason for such rule; that as this court has held that the court can not cure the error by withdrawal of the remarks and the court instructing the jury not to consider them, there is no reason why the objection can not be made after verdict in the motion for new trial as well as during the trial and at the time the argument is made. At first blush, the reasoning of appellant's counsel would appear sound, but in Texas and those States which hold that a reference to defendant's failure to testify is an incurable error, it is also held that in case of such improper remarks, the proper practice is to except to the remarks, and request the court to discharge the jury from a further consideration of the case. In the case of Coffman v. State, 73 Texas Crim. Rep., 295, 165 S. W. Rep., 939, this court held, where the witness, Miss Lizzie Barnes, had testified that she had "testified on the former trial when the defendant got the death sentence," that as the trial court at the time, when the exception was reserved, offered appellant the privilege of withdrawing the case from the jury, and to discharge the jury from a further consideration of the case, which offer appellant's counsel refused to accept, that the bill did not present reversible error. Our Code provides that the result of the former trial shall not be referred to, as it also provides that the failure of the defendant to testify shall not be alluded to. And when either of these events happen, it is proper for the court to allow the defendant to have the case withdrawn from the jury, the jury discharged, and a new jury empanelled to try the case. But if appellant and his counsel, knowing that such error has been committed, proceed with the trial without objection, take chances on a verdict of acquittal, and in case it results adversely to them, then seek to raise such objection, it comes too late. The courts can not be trifled with, and their time occupied, and the necessary expense incurred to no good purpose. If one on trial thinks irreparable injury has been done him, and he can not by reason thereof secure fair consideration at the hands of the jury, he should promptly object and ask that the jury be discharged, and if such request is not complied with, it will be our duty and our pleasure, if the remarks are such that may have been harmful to him, to see that he gets another trial before a jury uninfluenced by such improper conduct. But we can not sanction the practice of appellant and his counsel sitting idly by, without calling the attention of the trial court to what to them seems hurtful and damaging argument, speculating on the result and taking chances on acquittal, with the intention, if the trial results adversely to them, to seek to have the verdict set aside on account of a matter of which they were aware,

but did not complain of when it occurred.   This, to our minds, is not dealing fairly with the trial court, and is not in accordance with that well known rule of law that he who seeks relief in the courts of his country must do so with clean hands.   We do not wish to be understood as censuring counsel for appellant for raising this question.   The attorney who now represents appellant and who presented the bill of exceptions for approval, was not of counsel for appellant on the trial of the case, but was called into the case after verdict and he is not to be censured nor blamed, but commended, for raising every question which he thought might prove advantageous to his client, but he, in the bill admits, and in his argument before this court admits, that at the time the remarks of State's counsel were made, no objection was made to such argument, and no exceptions attempted to be reserved until after the verdict was rendered, and it is our opinion that it was then too late to complain.

We have written at length on the bills as if they were properly verified and certified to by the trial judge.   In the writer's opinion, however, the bills are not verified in a way which would authorize us to conclude from them alone that the district attorney used the remarks complained of.   The bills are approved with the qualification that if the language imputed to him was used by the district attorney, the court did not hear it; that if such remarks were used, they were not excepted to, and his attention was not called to it until such language was assigned as error in the motion for new trial.   Counsel for appellant admits that no exception was reserved, and the first time the language was complained of was in the motion for new trial.   The allegation in the motion for new trial does not verify the fact that the language was used, and the court, in our opinion, does not do so in acting on the bill, for he says if such language was used he did not hear it.   However, we have treated the matter as though it was properly verified, and hold that it was too late after verdict to reserve an exception to the remarks used on the trial of the case, and that when no such exception is reserved at that time, the matter will be considered as waived.

The judgment is affirmed.                                   *Affirmed*.

DAVIDSON, JUDGE (dissenting).—Briefly I desire to state some of the reasons why I can not agree to the affirmance of this judgment.

The language of the prosecuting attorney, which is sufficiently set out in the majority opinion without restating it, was clearly an allusion to and comment on the failure of the defendant to testify.   This is conceded by the majority opinion, but it is stated that because appellant did not object at the time to the argument and ask an instruction to the jury not to consider it, and further did not ask the court then to withdraw the case from the jury and continue it, he waived his rights, and the error was not available.   This proposition, to say the least of it, is more than novel.   The decisions in this State, in an unbroken array, hold it error for the prosecution to allude to the fact that defendant did not testify, and always reversible error, although the court

may charge the jury to disregard such argument and admonish the attorney against such conduct. If there is an authority which holds the other way in Texas it has escaped my attention. These cases, without being here enumerated, may be found collated in section 849 of Mr. Branch's Criminal Law. If a charge to the jury withdrawing the remarks could not cure the error, I do not understand how an exception would be of any service. It is more than a novel proposition that a defendant in order to take advantage of such error must not only except at the time but must also move the court to withdraw the case from the jury and continue it or organize another jury to try the accused. This proposition is evidently not the conclusion of serious reflection. If this is to be the law and practice it would follow that when reversible error is committed, it would be obligatory upon the defendant to ask a withdrawal of the case from the jury and put him on trial before another jury, otherwise he waives a legal trial. My brethren place this on the statement that it is unfair to the court to do otherwise. Fair trial is due the accused, not the court or district attorney. They are not on trial. It has always been thought the law heretofore that when an error is committed against the accused, he can avail himself of it in any legitimate manner. The State can not take advantage of its own wrong conduct. Under this novel ruling an appellant would never be entitled to a reversal, however erroneous the ruling, unless he should not only except but ask the court to withdraw the case from the jury at the time of the commission of the alleged error. This ought not to be asserted or entertained seriously. He is not required to ask a continuance for this reason, nor move for a new trial until after the verdict has been rendered adversely to him.

My brethren announce another proposition still more novel. In addition to what was said by them in regard to the other questions, they say: "But we can not sanction the practice of appellant and his coun·sel, sitting idly by, without calling the attention of the trial court to what to them seems hurtful and damaging argument, speculating on the result and taking chances on acquittal, with the intention, if the trial results adversely to them, to seek to have the verdict set aside on account of a matter of which they were aware, but did not complain of when it occurred. This to our minds is not dealing fairly with the trial court, and is not in accordance with that well known rule of law that he who seeks relief in the courts of his country must do so with clean hands." It is for the first time, so far as I am aware, announced as a "well known rule of law," that a party accused of crime must come into court "with clean hands" in order to have a fair trial, to be permitted to take advantage of erroneous rulings. It may be asked how a party charged with and convicted of robbery, the judgment affirmed, could come into court "with clean hands." The machinery of the criminal law was set in operation by the State. The felonious charge is that he was without "clean hands"; that he was a violator of the law; had robbed his fellow man of property by the use of force, violence or deadly weapon, and yet in order to urge an exception to what is an

illegal proceeding, he must come into court "with clean hands." I have been taught from the time I studied equity jurisprudence that there is a *rule of equity—not criminal law,* the substance of which is that he who seeks equity must come into court with clean hands or do equity. In that instance the plaintiff or complaining party is seeking equity in a civil matter. It can not be a criminal prosecution. The rules of equity are resorted to in civil matters when the law has failed of remedies. It is fundamental that a criminal prosecution is not an equity case. The accused is brought into court by the strong arm of criminal process and required to answer a charge of robbery, and it is evident from the fight before the jury for his life and liberty and his appeal to this court that he was entering his most solemn protest against the whole proceeding. The affirmance was over his most serious objection. He not only did not come into court, but protested most seriously against being brought. When he declined to exercise his privilege of testifying, and that fact was commented upon before the jury by adverse counsel, it was incurable error, but we are told that he must not only engage in the fruitless task of asking a withdrawal of the remarks and the case from the jury, but he must come into court "with clean hands" before he could even do those things, and not having done so, he must go to the penitentiary under the rules of equity upon the theory he had not invoked the chancery powers of the court. He not only remained silent but protested against interference with that silence. The Constitution guaranteed him this right. The statute which permits him to testify reserves to him this right. He exercised that right and did remain silent, and because he did remain silent and failed to ask the court to withdraw the case, he did not come into court "with clean hands." For this reason he has been adjudged to have lost the guaranteed protection of the Constitution and the strict reservation of his rights in the statute to remain silent, or testify at his option and waived himself into the penitentiary. Like the sheep before its shearers, he was dumb; he opened not his mouth, and because of this silence he has forfeited his right to have his case considered under the Constitution and laws of the State as he was entitled. He is compelled to sit "idly" or otherwise and listen at his trial. He must take the chances of acquittal, has no option, and can not avoid it. If he is convicted heretofore he could urge legal errors. He has not heretofore been required to move a continuance every time an error is made, nor required to move for a new trial until after he has been found guilty.

There are other startling propositions in the opinion, but I do not care to follow the subject further. I most respectfully enter my dissent.