First National Bank of Pawnee City, appellant, v.
George Hazels et al., appellees.

Filed February 19, 1902. No. 11,124.

1. **Cemetery: Dedication: Exemption.** Real estate platted into lots
   and blocks and dedicated as a public cemetery, and which is
   appropriated and used exclusively for burial purposes, is ex-
   empt from execution and forced sale.

2. ———: ———: ———: **Creditors' Bill.** Nor can it be reached
   by an equitable proceeding in the nature of a creditors' bill.

3. ———: ———: ———: ———: **Owner Receiving Revenue.** The
   fact that the owner of the legal title to a portion of the lots
   in such cemetery receives a portion of the revenues derived from
   a sale thereof when required for burial purposes, does not
   render such unsold lots subject to execution, legal or equitable.

Appeal from the district court for Pawnee county.
Heard below before Letton, J. *Affirmed.*

*Story & Story,* for appellant.

*Lindsay & Raper, contra.*

Holcomb, J.

By a suit in the nature of a creditors' bill, the appellant,
plaintiff in the action, sought in the court below to subject
to the payment of its debt which had been reduced to judg-
ment against the defendant Hazels, one of the appellees,
certain cemetery lots, the legal title to which stood in his
name. It is disclosed by the record that the defendant
Hazels was the owner of certain real estate situated in the
corporate limits of Pawnee City, and that in pursu-
ance of an ordinace enacted by the corporate au-
thorities for that purpose, he platted the real es-
tate into blocks and lots for burial purposes, which
said plat was duly acknowledged and recorded and
the property thereby dedicated, with the streets, alleys
and passageways, to uses as a public cemetery. By
the ordinance authorizing the platting of the land in lots

for a cemetery the city was entitled to a certain percentage of the prices received for burial lots which should be sold by the owner at prices specified and fixed therefor, which proceeds were to be used exclusively for the purposes of preserving, caring for and beautifying said burial grounds. Of about 166 lots into which said tract had been divided by the owner, about 100 had been sold, and in which were interred the bodies of deceased citizens of the city and vicinity. This action was begun and prosecuted on the theory that because the owner was selling the remaining lots, about sixty-six in number, at the prices specified and under the provisions of the ordinance heretofore mentioned, as they were needed for interment purposes, and retaining to himself the proceeds of such sales, less the amount or percentage of the proceeds of each lot sold, to which the city was entitled under the said ordinance, such property was not exempt from execution and sale for the satisfaction of the debts of the owner of the legal title, and that a court of equity would seize the property, and sell the same by the appointment of a receiver or otherwise, and apply the proceeds first to the payment of the percentage due the city under the provisions of said ordinance, and then the remainder to the satisfaction of plaintiff's judgment and costs. The trial court found the property exempt, that the relief prayed, if granted, would interfere with the rights and convenience of the public, and was against public policy, and denied plaintiff the relief prayed for, and it brings the action to this court by appeal.

The only question involved is whether, under the facts as narrated, a court is authorized to sequester the property by equitable execution, and sell the same in satisfaction of the debts of the owner of the legal title. We do not think this can be done. It is beyond cavil that the property has been duly and legally platted and dedicated to cemetery purposes, and is now, and was at the time of the institution of the suit, a public burying ground for the people of the city and vicinity, and its exempt character from execution or forced sale comes entirely within the

scope and purview of section 53, chapter 16, Compiled Statutes, 1891, which declares that: "Lands appropriated and set apart as burial grounds, either for public or private use, and so recorded in the county clerk's office of the county where such lands are situated, shall not be subject to sale on execution on any judgment to be hereafter recovered, to taxation, to dower, nor to compulsory partition." It is not the policy of the law nor the intention of the legislature exempting such real estate from execution that the spirit of discord shall be permitted to invade the silent precincts of the dead, and there hold high carnival in an unseemly contest as to which of contesting litigants shall profit by the sale of the necessary part of mother earth to enfold in its peaceful embrace the last that is mortal of man. The lots sought to be reached by the present action have regularly been platted, appropriated, set apart, and dedicated for purposes of burial of the dead. They come within the provisions of exemption in the statute quoted. Nor are we able to say that, because the owner receives a pecuniary consideration for the burial lots which are disposed of by him in such burial grounds, such fact renders them, if unsold, subject to execution and forced sale, as contended for by appellant. The statute does not so distinguish. If it did, then an entirely different question would be presented. Neither are we able to see how section 50, just preceding, can change the meaning and construction of the one quoted. That section applies exclusively to cemetery associations, and the control and disposition of cemeteries and burial lots therein by such associations. The section quoted is complete in itself, is unambiguous in its terms, and exempts from forced sale property appropriated and set apart for burial purposes without exceptions or qualifications. The property in question comes within its terms, and must, therefore, be held to be exempt from seizure, either by direct legal process or by equitable proceedings, attempting to subject it to judicial sale for satisfaction of a debt against the owner of the legal title to such lots. About whether the proceeds

of such sales may be reached by a creditor and the method thereof, we need not concern ourselves, as that question does not enter into our consideration of the appeal.

The judgment of the district court holding the property exempt and dismissing the action, is clearly right, and should be, and accordingly is,

AFFIRMED.