CHARLES C. SPEAR

*v.*

LOCUST WOOD CEMETERY COMPANY et al.

[Submitted April 15th, 1907. Decided April 19th, 1907.]

1. The act of April 8th, 1875, section 8 (*Rev. p. 102; Gen. Stat. p. 350 § 8*), exempts from sale under execution the cemetery lands and property of any association formed pursuant to that act or otherwise incorporated. Complainant, through his attorney in fact, sold land to a cemetery association with full knowledge that it was for use as a cemetery.—*Held*, that he was precluded under the statute from foreclosing the purchase-money mortgage on the land.

2. The act of March 14th, 1851, section 10 (*P. L. 1851 p. 257*), exempted the lands of cemetery associations formed thereunder from sale under execution. The act of April 8th, 1875 (*Rev. p. 102; Gen. Stat. p. 350*), repealed the act of 1851. The act of March 14th, 1879 (*P. L. 1879 p. 318; Gen. Stat. p. 360 § 56*), amended section 10 of the repealed act of 1851.—*Held*, that the act of 1879 does not repeal the act of 1875.

3. The act of April 8th, 1875, section 8 (*Rev. p. 102; Gen. Stat. p. 350 § 8*), exempting from sale under execution the cemetery lands and property of cemetery associations, applies only to land of the association actually brought into use as a cemetery, though the act of May 9th, 1889 (*P. L. 1889 p. 418; Gen. Stat. p. 356 § 40*), authorizes the holding of one hundred and twenty-five acres for cemetery purposes.

4. The act of March 21st, 1881 (*P. L. 1881 p. 158; Gen. Stat. p. 353 § 18*), provides that the rents, &c., of land held by a cemetery association may be taken and sequestered and applied to the payment of judgments against the association, and the court of chancery may appoint a receiver to take and apply the rents, &c., for that purpose.—*Held*, that where the lands of a cemetery association not used as a cemetery are sold to satisfy a mortgage on the entire tract owned by the association, and the proceeds are insufficient to satisfy the amount due, a receiver may be appointed to take possession of the cemetery tract reserved from sale and sequester the income for application to the amount remaining due under the decree of foreclosure.

On bill to foreclose, &c. Final hearing on pleadings and proofs.

The bill seeks to foreclose a purchase-money mortgage made November 17th, 1902, by the Locust Wood Cemetery Company

to complainant. The defence is made that by the provisions of section 8 of the Cemetery act of 1875 (*Gen. Stat. p. 350 § 8*), the cemetery lands covered by the mortgage cannot be sold to satisfy the mortgage debt.

*Messrs. French & Richards,* for the complainant.

*Mr. John F. Harned,* for the defendants.

LEAMING, V. C.

Defendant Locust Wood Cemetery Company was incorporated April 29th, 1902, under the General Corporation act. The object for which the corporation was formed is defined in its certificate of incorporation as: "To maintain cemetery or cemeteries." November 17th, 1902, complainant conveyed to defendant Locust Wood Cemetery Company the tract of land now in question, and at the same time that company executed to complainant a purchase-money mortgage on the land conveyed to secure the payment of a bond given by the company for a part of the purchase price. Defendant Locust Wood Cemetery Company brought into use as a cemetery a portion of the mortgaged premises and operated as a cemetery company until November 17th, 1904, when one hundred and twenty-five acres of the mortgaged premises, including the part in use as a cemetery, was conveyed by it to defendant Locust Wood Cemetery Association, the latter corporation having been formed under the Cemetery act of 1875 (*Gen. Stat. p. 349*), for the purpose of taking over that portion of the land. The present foreclosure of the mortgage is resisted as to the one hundred and twenty-five acres conveyed to the latter company under the claim that the statute exempts the land from sale.

Section 8 of the act of April 8th, 1875 (*Gen. Stat. p. 350 § 8*), exempts from sale under execution "the cemetery lands and property" of any association formed pursuant to that act, "or otherwise incorporated." This section is substantially the same as section 10 of the act of March 14th, 1851. *P. L. 1851 p. 257.* As is suggested in *Rosedale Cemetery Association* v. *Linden Township, 73 N. J. Law (44 Vr.) 421,* the purpose of this legis-

lation is the protection and preservation of the places where the dead are buried.

The contention is made on behalf of complainant that the present mortgage, as a purchase-money mortgage, will be protected from the operation of the section. This contention cannot prevail. If complainant could be said to occupy the position of one who had taken a mortgage on lands not devoted to use as a cemetery, I entertain no doubt that the subsequent dedication of the land to cemetery purposes, without the consent of the mortgagee, could not, under our constitution, operate to impair the mortgage security. But it is impossible to give to complainant the benefit of that status. The evidence disclosed that the cemetery company tentatively arranged with complainant's attorney in fact for the purchase of this land for use as a cemetery several months prior to the sale, and that company was permitted by complainant's attorney in fact (who afterwards conveyed the land for complainant) to take possession and lay out a portion of the land into cemetery lots as early as August, 1902, and during that time the attorney in fact referred to was a member of the cemetery company. It is entirely clear that the sale of the land was made by complainant, through the attorney in fact, to the cemetery company with full knowledge that it was for use as a cemetery, and the mortgage must be regarded as having been accepted by complainant with a full knowledge of and acquiescence in the proposed use of the land. Under these circumstances the rights of the mortgagee cannot properly be considered as free from the burden imposed by the statute.

The contention is also made that the provisions of section 8, above referred to, are superseded by an act of March 14th, 1879. *Gen. Stat. p. 360 § 56.* The act of 1879 is a supplement to the act of 1851, above referred to, and amends section 10 of that act. The act of 1851 was repealed in 1875. The curious legislation thus presented is an amendment of a repealed statute. In the consideration of this statute in *Newark* v. *Mount Pleasant Cemetery Co., 58 N. J. Law (29 Vr.) 168, 173,* the court of errors and appeals finds no legislative intent to apply its provisions to cemetery corporations other than those incorporated under the act of 1851.

Having reached the conclusion that section 8 of the act of 1875 operates to exempt "the cemetery lands and property" of defendants from sale under a decree of foreclosure of the mortgage held by complainant, it becomes necessary to determine whether all the land covered by the mortgage is so exempt, and if not, what part thereof.

The evidence discloses that but a small portion of the land covered by the mortgage has been brought into use as a cemetery. About one hundred burial lots have been sold and about thirty interments have been made. The contention is made that as the act of May 9th, 1889 (*Gen. Stat. p. 356 § 40*), authorizes one hundred and twenty-five acres to be held for cemetery purposes, and as that exact acreage was accordingly conveyed to the Locust Wood Cemetery Association, the entire one hundred and twenty-five acres will be exempted from sale. This contention cannot be maintained. The exempting section (section 8) defines as exempt from taxation and also from sale under execution "the cemetery lands and property" of the association. I think that the only reasonable construction of the language used is that the land intended by the legislature to be exempted from taxation and from sale under execution is the land actually brought into use for cemetery purposes. With no limitation at that time existing upon the quantity of land which a cemetery company could own, the legislative intent to exempt from taxation and from sale all lands which cemetery companies might acquire cannot be reasonably assumed from the language used. The natural significance of the words "cemetery lands," as well as the manifest purpose of the legislation, indicates an intention to extend the exemptions only to lands actually used for cemetery purposes. This view of the legislative purpose led the supreme court, in *Rosedale Cemetery Association* v. *Linden Township, supra,* to construe the word "property," as used in this section, as inapplicable to personal property.

The view here taken renders necessary the ascertainment, by exact boundaries, of the lands which shall not be subject to the decree of sale. For that purpose a master will be appointed whose duty it will be to ascertain and report the boundaries of the land which is in use for burial purposes. Upon the confirma-

tion of that report a decree will be made for the sale of the remainder of the land in satisfaction of the amount due on the mortgage held by complainant. If the proceeds of sale are not sufficient to satisfy the amount due, a receiver may be appointed pursuant to the act of March 21st, 1881 (*Gen. Stat. p. 353 § 18*), to take possession of the cemetery tract reserved from sale and sequester the income for application to the amount remaining due under the decree of foreclosure.