## WESLEY M. ALLISON et al. v. CEMETERY CARE-TAKING COMPANY et al., Appellants.

### Division Two, June 25, 1920.

1. **CEMETERY: Sale.** The statute (Sec. 1307, R. S. 1909) does not prohibit the voluntary sale of property belonging to a cemetery association to another association of the same kind and maintained for the same purpose.

2. **———: ———: Equitable Title.** If the deed from the owner of land to named persons as stockholders of a cemetery company provided how the lots should be conveyed, and the grantees accepted the deed in that form, recorded it, elected a president of the company, sold the property to another company of the same kind and maintained for the same purpose, conveyed the same to it in accordance with the terms of the said deed and put it in possession of the premises, the grantee acquired, in any event, an equitable title to said property, and in a suit by said original grantees or their successors against it to quiet title it is entitled to a decree accordingly.

3. **———: Statute of Frauds: Executed Sale.** If the grantee is put in possession of the cemetery property upon delivery of the consideration (a perpetual-care bond), according to the terms of the sale to it, the Statute of Frauds does not invalidate the sale.

4. **———: Voluntary Sale: Cancellation.** Where a cemetery association, for the first year after a conveyance of an established cemetery to it and after it took possession, carried out its agreement according to the terms of its perpetual-care bond, which was the sole consideration for the conveyance, but thereafter failed to comply with its requirements, the conveyance, absolute on its face, cannot be cancelled if the bond contained no provision

declaring the deed to be void, and none for re-entry for failure to comply with its terms, and neither it nor the deed contained any condition subsequent or other provision for a cancellation of the conveyance for the grantee's failure or refusal to care for the cemetery.

5. ———: **Deed of Trust: Commercial Uses: Cancellation.** After the sale and conveyance of a cemetery to another cemetery association, the grantee issued its bonds and secured them by a deed of trust to a trust company, which had both constructive and actual notice that many of the lots containing the remains of deceased persons had been conveyed by recorded deeds, and the deed of trust did not purport to have been given to secure funds for the improvement and repair of the cemetery *Held,* that, the statement of facts and the prayers of the pleadings authorizing it, the deed of trust was invalid and will be cancelled, since a foreclosure thereof would either cast a cloud upon the rights of those whose relatives are buried in the lots, or would divert the property from its original public use as a burying ground and convert it to commercial uses.

Appeal from Ray Circuit Court.—*Hon. F. P. Divelbiss,* Judge.

REVERSED AND REMANDED (*with directions*).

*Lindsay & Lindsay, K. D. Cross, C. H. Harrison* and *John C. Carr* for appellants.

(1) Plaintiffs' petition did not state facts sufficient to constitute a cause of action, and upon the face of the whole record the decree and judgment should have been for defendants. Alward v. Boatwright, 193 S. W. 570. (2) The deed of the Lawson Cemetery Company by J. A. Smith its president conveyed the equitable (if not the legal) title to the unsold and unoccupied lots to the Cemetery Caretaking Company. Shaffer v. Detie, 191 Mo. 392; Martin v. Nixon, 92 Mo. 35. (3) The Cemetery Caretaking Company having executed and delivered the care-fund bond and having been placed in possession of the property under the deed, and the owners of the Lawson Cemetery Company having accepted the consideration, to-wit, the perpetual-care-taking bond, the Cemetery

Caretaking Company became the equitable owner and the courts will decree the legal title to be in it. Shaffer v. Detie, 191 Mo. 377. (4) The Lawson Cemetery Company, being a partnership, the partnership real estate will be treated as personalty for all purposes and was properly conveyed by Joseph A. Smith, one of the partners. Troll v. St. Louis, 257 Mo. 669; Easton v. Courtwright, 84 Mo. 37; Shanks v. Klein, 104 U. S. 18; Buckley v. Daig, 100 N. Y. S. 869. (5) The failure, if any, on the part of the Cemetery Caretaking Company to perform all of the covenants contained in the perpetual-care-taking bond which constituted the only consideration for the deed made by Joseph A. Smith, president of the Lawson Cemetery Company, is not sufficient ground for cancellation of said deed. Alward v. Boatwright, 193 S. W. 568.

*Garner, Clark, Milligan & Gairner* and *George W. Crowley* for respondents.

(1) The deeds to the original owners vested the title in them and their heirs as tenants in common. Bryan v. Bickford, 2 N. E. 687; 4 Cyc. 306; 6 Cyc. 714 B—718. (2) The deed from Joseph A. Smith, as president of the Lawson Cemetery Co. was not effectual to pass the title. Woodland Cem. Co. v. Ellison, 67 S. W. (Ky.) 14. (3) The fact that some of the plaintiffs approved and none of them objected, to the conveyance of a lot at a time for burial purposes by one of the owners assuming to act as president, does not estop them from objecting to a deed conveying all the property in this manner. Woolford v. Cem. Co., 56 N. W. (Minn.) 56. (4) Plaintiffs did not hold themselves out as a corporation and are not estopped by reason of the manner in which they conducted their business. 10 Cyc. 252. (5) There was a failure of consideration. (6) Except when permitted by statute a mere voluntary association can not hold property in its society name. There was no ground upon which appellants could believe the Lawson Cemetery Co. was a corporation. 5 C. J. 1342; 4 Cyc. 306.

MOZLEY, C.—On April 2, 1917, plaintiffs commenced this action in the Circuit Court of Ray County, Missouri, in two counts. The first is a proceeding under Section 2535, Revised Statutes 1909, to quiet title to the real estate in controversy. The second is a proceeding in equity, to set aside and cancel certain conveyances under which defendants claim title to said real estate.

On March 13, 1873, Thomas Finch, the owner of said property, conveyed the same, by warranty deed, to Joseph A. Smith, William W. Smith, John Crowley, Allison & Smith, Robert H. Finch, George Young, George W. Montgomery, Francis Brock, Madison B. Cummins and George W. James, designated in said conveyance as *stockholders* of the Lawson Cemetery Company, of Ray County, Missouri. Said deed conveyed about 2.08 acres, and the expressed consideration therein was $100. It was duly recorded in said county, on March 24, 1873.

Said Wesley M. Allison is still living, and it is conceded that the remaining plaintiffs are the heirs of the other grantees named in the deed aforesaid. The defendants are the Cemetery Caretaking Company, a corporation; the Wells-Hine Trust Company, a corporation (receiver of said last named company), and the Cameron Trust Company, a corporation.

The deed from Finch to Joseph A. Smith et al. supra, among other things, contains the following:

"To have and to hold the land aforesaid with the appurtenances unto the said parties of the second part, stockholders as aforesaid and their heirs and assigns forever.

"With full power and authority in George Young, president of said company, by deed signed by him as president, and attested by Joseph C. Smith, secretary of said company, to sell and convey lots in said cemetery to be laid off in said land and with like power to their successors in office in like manner to sell and convey lots in the same," etc.

It was conceded by plaintiffs that the 2.08 acres supra were laid off into lots and platted before any conveyance was made to the Cemetery Caretaking Company aforesaid.

Plaintiffs also offered in evidence a deed, dated April 30, 1892, from George Young and wife, to the Lawson Cemetery Company, conveying an additional strip of land described in the petition. This was a regular warranty deed for the expressed consideration of $200.

On April 26, 1913, the Lawson Cemetery Company aforesaid, by warranty deed, conveyed the property in controversy to the Cemetery Caretaking Company of Buchanan County, Missouri, for the expressed consideration of one dollar and other valuable considerations, which said real estate was to be held and used as a burying ground. Said deed concludes as follows:

"In witness whereof the Lawson Cemetery Company has executed this deed by causing the same to be signed by its president the day and year first herein written."

It was signed by J. A. Smith, as president of said Lawson Cemetery Company. The notary who took the acknowledgment certified that on April 26, 1913, there personally appeared before him, J. A. Smith, president of the Lawson Cemetery Company, who was personally known to him to be the same person and officer he represented himself to be, and who executed said instrument as the act and deed of said Lawson Cemetery Company, etc.

No objection was made to the introduction of said last named deed.

The defendants likewise introduced in evidence, without objection, a deed of trust, dated September 1, 1913, covering the real estate aforesaid, from said Cemetery Caretaking Company, to defendant Cameron Trust Company, to secure outstanding bonds in the sum of $10,000. The evidence tends to show that all of said bonds, except $3,100 of same, had been sold, and were owned by different people throughout the country. This

deed of trust is only incidentally attacked in the petition, on the theory that no title passed to the Cemetery Care-taking Company under its deed from Smith, as president of the Lawson Cemetery Company. The latter company received from the Cemetery Caretaking Company, as a consideration for above conveyance, a perpetual-care bond, in the sum of $500. Said bond did not provide for a forfeiture, nor did it provide for a re-entry upon the part of Lawson Cemetery Company, in case the Cemetery Caretaking Company failed to comply with the terms of said bond.

Such other facts as may be necessary will be considered later.

The trial court found the issues in favor of plaintiffs, cancelled the deed from Smith to the Cemetery Company aforesaid, likewise cancelled said deed of trust, and entered a decree in favor of plaintiffs, as prayed for in the petition.

Defendants, in due time, filed motions for a new trial and in arrest of judgment. Both motions were overruled, and the cause duly appealed to this court.

I.    Plaintiffs, in the first count of the petition, seek to quiet title to the real estate in controversy, and ask for a decree declaring them to be the owners thereof. The defendants Cemetery Caretaking Company, through its receiver and codefendant, Wells-Hine Trust Company, in its answer, pleads the sale from said Joseph A. Smith, as president of the Lawson Cemetery Company, to it, of the real estate in controversy. It likewise pleads estoppel against plaintiffs, and asks for a decree declaring it to be the owner of said real estate.

Voluntary Sale.

According to our conception of the law, it is immaterial whether the grantees in the deed from Finch to Joseph A. Smith et al., dated March 13, 1873, be considered as tenants in common or co-partners. The instrument conveying title to them provides, in express terms, that the lots when sold, shall be conveyed by the presi-

dent and his conveyance attested by the secretary of the Lawson Cemetery Company. The conveyance states on its face that the property is conveyed to said grantees *as stockholders* of the Lawson Cemetery Company. The latter organized, without any charter, by electing said Joseph A. Smith as its president. The lands purchased by said grantees were laid off into lots, platted, etc., as the Lawson Cemetery Company, before the sale to said defendant. The evidence is undisputed that the sale was made to the latter with the consent, and at the instance, of all the parties in interest and a deed made by said Smith to the Cemetery Caretaking Company of said property to be used as a burying ground as heretofore stated. The consideration for said conveyance was the execution and delivery of the care bond described in the petition. The Cemetery Caretaking Company, under and pursuant to said sale and the delivery of said bond, was placed in possession of the property in question, and held possession thereof at the time of trial. We are of the opinion that Section 1307, Revised Statutes 1909, does not prohibit the voluntary sale of property belonging to a cemetery association to another association of the same kind and maintained for the same purpose. As the deed from Finch to Joseph A. Smith and others provided how the lots should be conveyed, and as said grantees accepted said deed in that form, recorded the same, elected a president of the Lawson Cemetery Company, sold the property to said defendant, conveyed the same to it in accordance with the terms of said instrument, and put said defendant in possession of the premises, the latter acquired, in any event, a good equitable title to said property, and was entitled to a decree accordingly. [Sec. 2787, R. S. 1909; Wood v. Trust Co., 265 Mo. 1. c. 525; Shaffer v. Detie, 191 Mo. 1. c. 392-3; 20 R. C. L. sec. 118, p. 906; Freeman on Cotenancy & Partition (2 Ed.), sec. 183.]

(a) The Cemetery Caretaking Company, having been placed in possession of said property upon delivery of said bond, under the terms of the sale aforesaid, the

Statute of Frauds does not invalidate said
**Statute of Frauds.** sale. [Emmel v. Hayes, 102 Mo. 186; Shack-
lett v. Cummins, 270 Mo. 496; Ross v. Alyea,
197 S. W. (Mo.) l. c. 270, and cases cited.]

II.   The evidence tends to show that the Cemetery
Caretaking Company, after taking possession of said
property under the sale aforesaid, carried out its agree-
ment according to the terms of its bond for the first
**Cancellation.** year, but practically failed thereafter to com-
ply with its requirements.   It is contended
by respondents that they are entitled to a decree can-
celling the conveyance to defendants by reason of their
failure to comply with the covenants contained in said
bond.   Turning to the latter, we find therein no pro-
vision declaring said deed void, or providing for a re-
entry in case said defendant failed to comply with the
terms of same.   The deed contains no condition subse-
quent, nor any other provision, which would warrant
us in divesting the Cemetery Caretaking Company of
the title to said property, and vesting the same in plain-
tiffs, on account of the Cemetery Caretaking Company's
refusal or failure to look after the cemetery, as required
by said bond.   [Alward v. Boatwright, 193 S. W. (Mo.)
568; Catron v. Scarritt Collegiate Institute, 264 Mo.
l. c. 713, 175 S. W. 571; Lackland v. Hadley, 260 Mo.
539, 570, 169 S. W. 275; Haydon v. Railroad, 222 Mo.
l. c. 138, 121 S. W. 15; Anderson v. Gaines, 156 Mo. l.
c. 670-1, 57 S. W. 726.]   In other words, the plaintiffs
may have a right of action on the bond aforesaid, but
are not entitled to have the deed to the Cemetery Care-
taking Company cancelled for failure to comply with
the terms of said bond.

III.   The only reference to the Cameron Trust Com-
pany in the petition is the following.

"That afterwards said Cemetery Caretaking Com-
pany executed a deed of trust to the defendant, the
Cameron Trust Company, a corporation. . . . Where-
fore, plaintiffs pray that said deed and deed of trust be

cancelled and adjudged null and void by the court, and the record title thereto be divested from defendants and vested in plaintiffs as it was prior to the record of said deeds, and for such other decrees and judgments as to the court may seem just and proper.''

The defendant Cameron Trust Company, in its separate answer, has set out all the facts relating to the sale of said property to the Cemetery Caretaking Company, and those relating to the execution and delivery of the deed of trust to it by said Cemetery Caretaking Company. After setting out various other matters, it prayed the court to decree the title to said property in it, as trustee aforesaid, and to decree that the indebtness described in said deed of trust is a first lien on the real estate aforesaid, and asked for such other relief as to the court may seem just and equitable. As this is a proceeding in equity, and as the answer aforesaid contains all the facts which could have been set up in the petition relating to said deed of trust, under the doctrine of express aider we will dispose of the case as though the petition contained the necessary facts calling in question the validity of said deed of trust. [Tucker v. Wadlow, 184 S. W. (Mo.) l. c. 70; Donaldson v. Butler Co., 98 Mo. l. c. 166-7, 11 S. W. 572; Hughes v. Carson, 90 Mo. l. c. 402-3, 2 S. W. 441; Garth v. Caldwell, 72 Mo. l. c. 629-30.]

It stands admitted in the record that the land conveyed by Finch to Smith and others in 1873 was laid off into lots and platted as a cemetery, before any conveyance was made to the Cemetery Caretaking Company in 1913. The answer of defendant Cameron Trust Company, after setting out the facts relating to said conveyance from Finch to Smith et al., alleges ''that said persons and said company platted and dedicated said real estate to cemetery purposes exclusively.'' In the deed from Smith, as president, to the Cemetery Caretaking Company, preceding the description of the land, will be found the following: ''a certain lot of land to be used as a burying ground, lying and being in the

County of Ray and State of Missouri'' (here follows the description of the land conveyed).

· It is undisputed, as shown by the endorsements on said bond, and by the oral evidence, that a good many of the lots laid off and platted as aforesaid, had been' conveyed to various persons, among whom were a number of the grantees in the deed from Finch to Joseph A. Smith et al. It is likewise admitted that said last named lots contained the remains of many persons who had been interred thereon. The deeds aforesaid were all recorded. The defendant Cameron Trust Company, as shown by the record, had either actual or constructive notice, and probably both, that the property in controversy had been platted and dedicated as a public cemetery, and that the remains of nearly all the grantees in the Finch deed, as well as many of their friends and relatives, were buried on said land, before either defendant acquired any conveyance for said land. If the deed of trust aforesaid should be sustained as a first lien on the property in controversy, a foreclosure of same would either cast a cloud upon the rights of those whose friends and relatives are buried on said land, or would result in diverting said property from its original public use as a burying ground and converting the same into a commercial asset. The deed of trust, on its face, does not purport to have been given for the purpose of raising funds to improve, or keep in repair, the Lawson Cemetery. Nor does the evidence tend to show that such was its purpose. On the contrary, it is manifest that said deed of trust was given to secure bonds which were not intended to be used in repairing or improving said cemetery.

Without extending this discussion further, we hold, that said deed of trust, as to the property in controversy, is invalid and was properly cancelled by the trial court. Wolford v. Crystal Lake Cemetery Assn., 54 Minn. 440, 56 N. W. 56; Anderson v. Acheson, 110 N. W. 1. c. 339-40; Brown v. Maplewood Cemetery Assn.,

85 Minn., 498; Spear v. Locust Wood Cemetery Co., 72 N. J. Eq. 821, 66 Atl. 1068; First Natl. Bank v. Hazel, 89 N. W. 378.]

IV.   In view of the conclusions heretofore reached, we reverse and remand the cause, with directions to the trial court to set aside its former decree herein, and to enter a new decree in conformity to the views heretofore expressed.

*Railey* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion of MOZLEY, C., is hereby adopted as the opinion of the court.   All of the judges concur.