ANNA J. PHLEGER v. GUY H. PHLEGER and ELIZABETH PHLEGER, Appellants.—134 S. W. (2d) 26.

Division One, December 13, 1939.

*James M. Houston* for appellants.

*Henderson & Deacy* and *C. W. Prince* for respondent.

GANTT, J.—Action to set aside the deed conveying to defendants real estate located at 4106 E. Eleventh Street, Kansas City, Mo. The petition was in three counts. The second and third counts were abandoned. Judgment was entered on the first count cancelling the deed as a forgery. Defendants appealed.

In substance, the first count alleged that plaintiff was the wife of John D. Phleger, who died January 5, 1928; that at said time they owned and occupied the above named property as a home; that on his death she became the owner of the property; that about September 18, 1928, defendants Guy H. and Elizabeth Phleger agreed that if plaintiff would convey to them the property, they (Guy H. Phleger and Elizabeth Phleger, his wife) would support and care for plaintiff in said home during her life; that they would not encumber or sell the property while she was living, and that if they did not fulfill the agreement, the title to the property would revert to her; that the plaintiff conveyed the property to defendants, believing that the above stated terms of the agreement were stated in the deed as the consideration for the conveyance; that defendant Guy H. Phleger omitted said terms of the agreement from the deed, and stated therein that defendants agreed only to give reasonable care and attention to plaintiff during her life as a consideration for the conveyance; that thereafter defendants refused to care for plaintiff and finally caused her to be lodged in the Jackson County Home, from which she was removed by her daughters on July 30, 1936; that defendants mortgaged said property and fraudulently caused plaintiff's name to be signed to the mortgage as a co-grantor and co-obligor. Wherefore, plaintiff prayed that the deed be declared void and that she be adjudged the owner of·the property.

The answer of the defendants to the first count admitted that on September 18, 1928, the plaintiff conveyed to them the property. In substance, it then denied each and every allegation of said count.

The material facts follow: On January 5, 1928, plaintiff's husband died at the home, 4106 E. Eleventh Street, Kansas City, Mo. On his death she became the owner of the property, free of encumbrance. She had four daughters and one son (defendant Guy H. Phleger) in Kansas City, a son in California and a son in Iowa. At that time she was sixty-eight years of age, blind, afflicted with fainting spells, weak heart and an uncontrollable bladder. She continued to reside in the home, under the care of a "companion," for

several months after the death of her husband. In July, 1928, the defendants Guy H. and Elizabeth Phleger moved the plaintiff to their home at 435 Marsh Avenue, Kansas City. In August, 1928, plaintiff and defendants made an agreement with reference to the payment of defendants for care and attention of plaintiff during her lifetime. As a result of the agreement she deeded the above described property to defendants on September 28, 1928. She was "cared for" at the home of defendants until November 1, 1930. Defendant Guy H. Phleger then arranged from time to time for plaintiff's care in other homes. He paid from $35 to $40 per month for the care of plaintiff in other homes until July 13, 1936, when he caused her to be lodged in the hospital of the county home, for which he agreed to pay the county $20 per month. On or about August 1, 1936, plaintiff's daughters learned that she was in the county home. Immediately they removed her to a private home in the city.

In about three weeks after plaintiff conveyed the property to defendants, it was mortgaged to secure the payment of money loaned to defendants.

Plaintiff and defendants do not agree on the question of consideration for the deed. Defendants contend that the deed, after stating a consideration of one dollar, correctly stated a further consideration as follows: "This property is conveyed for the further consideration of the second parties having agreed to give first party reasonable care and attention for the remainder of first party's life."

Plaintiff testified that the consideration in the deed should have been stated as follows: "that he (the grantee) was to keep her there and take care of her; that she was to have a home; that he (grantee) and his wife was to come and live with her and take care of her as long as she lived in her home, and always live in the home; that he (the grantee) was to keep it up and pay all taxes, and that if he failed to keep it up and pay the taxes, it fell back to her; that he was absolutely not to dispose of it or mortgage it during her life time."

There was no forgery. Plaintiff admits signing the deed. In this situation it is a question of whether a mere fraudulent statement of the consideration in a deed is a forgery. The courts are divided on the question. [14 A. L. R. 316; 56 A. L. R. 582.] We agree to the majority rule, which is well stated as follows:

"Forgery is the fraudulent making or altering of a writing to the prejudice of another's right. The defendant was guilty of the fraud, but not of the making. The paper was made by the other person himself, in prejudice of his own right. To complete the offense, according to the definition, it requires a fraudulent intent and a making both. The latter is innocent without the former, and the former, if carried into effect without the latter, is merely a cheat." [Com. v. Sankey, 22 Pa. St. 390, 60 Am. Dec. 91.]

"While there can be no forgery without a fraudulent intent, it does

not follow that every intent to defraud, although coupled with a written instrument, is forgery. For example, procuring the execution of a document by a misrepresentation as to its contents, or by misstatement of facts, is not forgery.'' [State v. Mitten, 36 Mont. 376, 92 Pac. 969.]

Furthermore, during the seven years that plaintiff was in the home of others (including the home of defendants), she made no contention that defendants agreed, as a consideration for the deed, to give her care and attention in her old home at 4106 E. Eleventh Street, and that if they failed to do so the title to the property would revert to her. Indeed, her daughter, Mrs. Linville, testified as a witness for plaintiff as follows: ''that she saw her (plaintiff) at Guy's home many times; that her mother told her she had turned everything over to them, deeded the place to them, and that she was sure they would live up to their contract; . . . that her mother stated she was happy there and knew it would be better for them to take care of her than to try to go on living with a companion; that she got nice food and recommended Mrs. Phleger very highly as a good cook and housekeeper.''

Of course, it will be noted that plaintiff, at the time she made this statement to her daughter, considered that defendants were complying with the contract by caring for her in their home. In other words, this conduct of plaintiff, after the execution of the deed, is wholly inconsistent with the testimony given by her with reference to the consideration for the conveyance.

■ Furthermore, it is alleged in the petition that the defendants mortgaged the property and fraudulently caused plaintiff's name to be signed to the mortgage as a co-grantor and co-obligor. There was no evidence with reference to the execution of the mortgage. Absent evidence, it must be presumed that defendants did not fraudulently cause plaintiff to sign the mortgage. Furthermore, the act of plaintiff in signing the mortgage is also wholly inconsistent with her testimony that defendants agreed that they would not mortgage the property.

■ Plaintiff gave the only testimony on the issue of fraud. In substance she testified that defendants fraudulently stated in the deed the consideration for the same. The evidence does not authorize a finding that defendants are guilty of falsely stating the consideration for the conveyance of the property. [Anderson v. Gaines, 156 Mo. 664, 672, 57 S. W. 726; Allison v. Cemetery Co., 283 Mo. 424, 431, 223 S. W. 41; 112 A. L. R. Ann. 670, 672, 680.]

The judgment is reversed and the cause remanded with directions to dismiss the plaintiff's bill without prejudice to her right to sue upon any theory except the theory of her petition in this case. It is so ordered. All concur.