## KAHN v. THE STATE.

CRIMINAL LAW.—*Forgery.*—*Alteration.*—*Indictment.*—An indictment for uttering and publishing as true a false and altered promissory note must, to be sufficient, allege in what such alteration consists.

From the Howard Circuit Court.

*J. W. Kern, N. P. Richmond* and *J. E. Moore,* for appellant.

*C. A. Buskirk,* Attorney General, and *J. F. Vaile,* Prosecuting Attorney, for the State.

PERKINS, J.—The appellant was convicted upon an indictment, charging, " that, on or about the 10th day of July, A. D. 1875, in said county of Howard and State of Indiana, one Felix Kahn, late of said county, did then and there unlawfully and feloniously utter and publish as true, a certain false, defaced, changed and altered promissory note for the payment of money, which said false, defaced, changed and altered promissory note is as follows, to wit :

" ' $59.00.                                    June 22d, 1875.

" ' On the first of November next, after date, I promise to

pay to the order of F. Kahn, payable at First National Bank of Kokomo, fifty-nine dollars, value received, without any relief from valuation and appraisement laws of the State of Indiana, with interest at ten per cent. per annum from maturity until paid.   If this note be collected by suit, the judgment shall include the reasonable fee for plaintiff's attorney.

(Signed,)                       " ' WM. N. GRIFFITH.
                                " ' THOMAS GRIFFITH.'

" With intent then and there to defraud one David F. Allen, he, the said Felix Kahn, then and there, at the time he so uttered and published said promissory note, as aforesaid, well knowing the same to be false, altered and changed, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

" J. F. VAILE, Prosecuting Attorney."

A motion to quash was overruled, and exception taken.   Jury trial.   Conviction of the defendant, and two years in the state-prison awarded as punishment.

Motion for a new trial overruled, and judgment on the verdict.

The errors assigned in this court are:

1st.   Overruling the motion to quash the indictment.

2d.   Overruling the motion for a new trial.

On the authority of *Bittings* v. *The State*, 56 Ind. 101, we hold the indictment in this case bad, because it fails to set out in what the alteration in the note consisted.

Judgment reversed, with costs, and the cause remanded, and prisoner ordered to be returned, etc.