STATE, APPELLANT, *v.* EVANS, RESPONDENT.

[Submitted March 12, 1895.   Decided March 25, 1895.]

CRIMINAL LAW—*Forgery—Sufficiency of writing.*—To constitute forgery the forged instrument must be one which, if genuine, would have legal validity, and therefore the signing of another's name to an order on a third person to pay to the order of defendant a certain sum, "and charge to him at my office," is insufficient to sustain a conviction, no extrinsic facts being alleged in the information to show that the order could be made available to work a fraud. (*State* v. *Malish, ante,* p. 506, cited.)

*Appeal from Ninth Judicial District, Gallatin County.*

CONVICTION for forgery. Defendant's motion in arrest of judgment was sustained by ARMSTRONG, J. Affirmed.

Statement of the case by the justice delivering the opinion:

This is an appeal by the state from an order of the district court arresting judgment in a case where the defendant had been found guilty under an information charging him with forgery. The motion in arrest of judgment was made upon the two statutory grounds: 1. That the information does not

state facts sufficient to constitute the crime of forgery; and 2. That the court had no jurisdiction of the action.

The charging part of the information was: "That the above-named W. L. Evans is guilty of the crime of forgery committed as follows, that is to say: That the said W. L. Evans, late of said county and state, on Tuesday, the twenty-fifth day of December, 1894, at the county of Gallatin and state of Montana, then and there a certain false, forged, and counterfeited writing on paper, of the tenor following:

"'BOZEMAN, December 25, '94.

"'SCHUMACHER, Esq: Please pay to the order of W. L. Evans the amt. of twenty dollars ($20.00), and charge to him at my office.    JOHNSON & MCCARTHY.'

did falsely, feloniously, and designedly utter and pass as true and genuine, he, the said W. L. Evans, at the same time well knowing the said writing on paper to be false, forged, and counterfeit, with intent, then and there, one William Guy to prejudice and defraud."

*Henri J. Haskell, attorney general, Ella L. Knowles,* and *W. L. Halloway,* for the state, Appellant.

DE WITT, J.—This information is drawn under a statute similar to that which was in existence in California when the case of *Ah Woo,* 28 Cal. 206, was decided. (See, also, *State* v. *Malish, ante,* p. 506.)

An information charging forgery by the uttering, etc., as does this one, is proper; for the uttering is, under our statute (Criminal Practice Act, § 96), one method by which forgery may be committed. (See cases last cited.) This question of criminal pleading was not considered in *State* v. *Hudson,* 13 Mont. 112, the case being decided on the question of jurisdiction only. (See *State* v. *Malish, ante,* p. 506.)

The ground upon which the motion in arrest of judgment was granted seems to be that the alleged forged instrument concluded with the words, "and charge to *him* at my office. Johnson & McCarthy." Counsel for the respondent argue that this writing is invalid on its face, in that if it were used as genuine, it could not do any damage to the alleged signers

of the same, namely, Johnson & McCarthy, for the reason that it requested Schumacher to charge the twenty dollars to Evans, instead of requesting him to charge it to Johnson & McCarthy. We are of opinion that the motion in arrest of judgment was properly granted.

Mr. Bishop says in his work on Criminal Law, volume 2, section 506, as follows: "When the writing is invalid on its face it cannot be the subject of forgery, because it has no legal tendency to effect a fraud." Section 511 of the same work states as follows: "Therefore, the general doctrine is, that the invalidity of an instrument must appear on its face, if the defendant would avail himself of this defect on a charge of forgery. In still other words, the forged instrument, to be the foundation for an indictment, must appear on its face to be good and valid for the purpose for which it was created. It must be, in another aspect, such that, if it were genuine, it would be evidence of the fact it sets out."

We find it stated in *People* v. *Tomlinson*, 35 Cal. 506, as follows: "Without much conflict, if any, it has been held from the outset that the indictment must show that the instrument in question can be made available in law to work the intended fraud or injury. If such appears to be the case on the face of the instrument it will be sufficient to set it out in the indictment; but, if not, the extrinsic facts, in view of which it is claimed that the instrument is available for the fraudulent purpose alleged in the indictment, must be averred. If the indictment merely sets out an instrument which is a nullity upon its face, without any averment showing how it can be made to act injuriously, or fraudulently, by reason of matter *aliunde*, no case is made. This rule is so well settled by the precedents that we do not feel called upon to discuss it upon principle. (*Rex* v. *Knight*, 1 Salk. 375; 1 Ld. Raym. 527; *Regina* v. *Marcus*, 2 Car. & K. 356; *People* v. *Shall*, 9 Cow. 778; *People* v. *Harrison*, 8 Barb. 560; *State* v. *Briggs*, 34 Vt. 501; *Commonwealth* v. *Ray*, 3 Gray, 441; *Barnum* v. *State*, 15 Ohio, 717; *Clark* v. *State*, 8 Ohio St. 630.) These cases establish the doctrine that, to constitute forgery, the forged instrument must be one which, if genuine, may injure another, and that it must appear from the indictment that such is its legal character,

either from the recital or description of the instrument itself, or, if that does not show it to be so, then by the averment of matter *aliunde*, which will show it to be of that character."

We take the following from the remarks of Judge Cowen, in *People* v. *Shall*, 9 Cow. 778: "In the principal case I have shown that the paper forged, if genuine, would be a mere nullity for any purpose; nor, to my mind, could it be made good by any possible averment. It could not be made the *foundation of liability*, like the letter of credit. It does not come within any of the cases sustaining indictments; but to me it appears to be directly within the cases cited holding that an instrument, purporting to be void on its face, and not shown to be operative by averment, if genuine, is not the subject of forgery. How is it possible, in the nature of things, that it should be otherwise? 'Void things are as no things.' Was it ever heard of, that the forgery of a *nudum pactum*, a thing which could not be declared on or enforced in any way, is yet indictable? It is the forgery of a shadow."

The following remarks were made by the Indiana supreme court in *Reed* v. *State*, 28 Ind. 396: "The certificate, so far as it purports to be an instrument entitling Allen to the bounty claimed therein, was, at the time charged, utterly void. There was no law authorizing the giving of bounties by the county commissioners. (*Oliver* v. *Keightly*, 24 Ind. 514; *King* v. *Course*, 25 Ind. 202.) The legalizing act was not passed until March 3, 1865. Every one is presumed to know the law. Officers acting under an official oath are presumed to do their duty. The order of the county commissioners referred to in the certificate was void. 'Void things are no things.' The indictment must show the forgery of an instrument which appears on its face naturally calculated to have some effect, or, if it be not sufficient for that purpose, extrinsic matter must be averred, so that the court may judicially see its fraudulent tendency."

The supreme court of Illinois take the same view when that court says, in the case of *Waterman* v. *People*, 67 Ill. 92: "The indictment framed upon this writing contains not a single averment of any extrinsic matter which could give the instrument forged any force or effect beyond what appears

on its face. No connection is averred between the party to whom the writing is addressed and the Chicago, Rock Island & Pacific Railroad Company, nor is it averred that the prisoner attempted to pass the writing on that company. The writing, if genuine, has no legal validity, as it affects no legal rights. It is a mere attempt to receive courtesies on a promise, of no legal obligation, to reciprocate them. We are satisfied the writing in question is not a subject of forgery, and no indictment can be sustained on it, and no averments can aid it."

To the same effect see *Commonwealth* v. *Hinds*, 101 Mass. 211, where the court say: "If the fraudulent character of the forged instrument is not manifest on its face, this deficiency should be supplied by such averments as to extrinsic matter as would enable the court judicially to see that it has such a tendency. We find nothing of the kind in the present indictment, and therefore cannot say that the plea of guilty is a confession of any crime whatever." (See, also, the learned note in 22 Am. Dec. 314. See, also, *Barnum* v. *State*, 15 Ohio, 717; *Raymond* v. *People* (Col.), 30 Pac. Rep. 509; *State* v. *Wheeler*, 19 Minn. 98; *Abbott* v. *Rose*, 62 Me. 194; 2 Bishop's New Criminal Law, § 533.)

We are of opinion that the alleged forged instrument set out in the information in this case is such a one as comes within the doctrine of the decisions quoted, and, as far as we know, generally held. The instrument in question, if genuine, and if acted upon as its terms suggest it might be, could do no possible damage. If the amount of twenty dollars was advanced to Evans by Schumacher upon this order, and if that amount were charged to Evans himself, it would be nothing whatever but a transaction between Schumacher and Evans, which could be accomplished between those two persons with as much ease without the order as with it. The order, as it appeared on its face, would not accomplish the advancing of the money by Schumacher to Evans on the credit of Johnson & McCarthy. Schumacher would as readily have advanced it without the order as with it. There were no extrinsic facts alleged in the information to show that the instrument was

available for the fraudulent purpose alleged in the informa-
tion.

The order of the district court in arrest of judgment is

*Affirmed.*

HUNT, J., concurs.