STATE, RESPONDENT, *v.* MITTEN, APPELLANT.

(No. 2,477.)

(Submitted December 10, 1907.   Decided December 28, 1907.)

[92 Pac. 969.]

*Criminal   Law—Forgery—Information—Duplicity—Evidence—*
*Admissibility—Instructions—Inapplicability—Abstract State-*
*ments of Law.*

Criminal Law—Forgery—Information—Duplicity—Surplusage.
  1.  An information which, after charging forgery of a promissory
  note, added that defendant, knowing that the instrument was false,
  uttered, passed and published the same as true and genuine with
  intent to defraud, etc., did not allege the commission of two of-
  fenses, to-wit, the false making of the note and the passing of it,
  since the latter portion, standing alone, did not state an offense.   It
  was surplusage and should have been omitted.

Same—Forgery—Passing of Instrument—Evidence—Information.
  2.  Evidence that the defendant, charged with forgery, passed the
  false instrument, is admissible upon the question of his criminal
  intent, without an allegation in the information to that effect.

Same—Forgery—Evidence—Admissibility.
  3.  In a trial for forgery it was error to permit a witness, who
  testified to a transaction similar to that had by defendant with the
  persons whose names appeared on the note alleged to have been
  forged, to give the contents of a letter exhibited by accused to
  the witness, purporting to be a letter of recommendation from a
  state official.   It was immaterial and should have been excluded.

Same—Forgery—Falsely Making—Altering—Information—Instructions —
Applicability to Issues.
  4.  Where defendant was charged with having forged a promissory
  note, not by altering it, but by falsely making the same, an instruc-
  tion telling the jury, *inter alia,* that to constitute the crime of forgery
  it was sufficient if a genuine instrument "be *altered* so that it is
  not the instrument signed by the maker," etc., was erroneous, since
  in order to charge the offense by alteration, the information must
  clearly set forth the particulars in which the paper was altered.

Same—Forgery by Alteration—Materiality.
  5.  To constitute forgery by altering an instrument, it is essential
  that such alteration be a material one.

Same—Forgery—Evidence.
  6.  One charged with forgery in fraudulently making an instru-
  ment cannot be proved guilty by showing that he altered the
  same.

Instructions—Abstract Statements of Law.
  7.  Instructions, though correct as abstract propositions of law,
  should not be given to the jury if they do not relate to the issues
  made by the pleadings.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

J. A. MITTEN was convicted of forgery, and from a judgment of conviction and an order denying him a new trial, he appeals
Reversed and remanded.

*Mr. J. L. Staats,* for Appellant.

The information charges two offenses under the statute: the offense of making, forging and counterfeiting the papers set out therein and the offense of uttering and publishing the same. The act of forging and counterfeiting a writing with the intent to defraud is joined with that of uttering and publishing the same as true and genuine in one count. This is bad for duplicity in pleading. (*People* v. *Tower,* 135 N. Y. 457, 32 N. E. 145; *Territory* v. *Poulier,* 8 Mont. 146, 19 Pac. 594; *People* v. *Parker,* 67 Mich. 222, 11 Am. St. Rep. 578, 34 N. W. 720; *State* v. *Wood,* 13 Minn. 121; 9 Am. & Eng. Ency. of Pl. & Pr. 603, and cases cited; *State* v. *Stevens,* 56 Kan. 720, 44 Pac. 992; *State* v. *Goodwin,* 33 Kan. 538, 6 Pac. 899.) The instrument was payable to the Superior School Supply Company or order. In order to negotiate the instrument or to utter and pass the same, it should appear to have been indorsed by the payee. The information does not show any indorsement whatever of the instrument. Information should show how the instrument was uttered and passed. (*People* v. *Cole,* 130 Cal. 13, 62 Pac. 274; *People* v. *Bendit,* 111 Cal. 277, 52 Am. St. Rep. 186, 43 Pac. 901, 31 L. R. A. 831; *People* v. *Palmer,* 53 Cal. 615; see, also, *People* v. *McKenna,* 81 Cal. 158, 22 Pac. 488; *People* v. *Mahoney,* 145 Cal. 104, 78 Pac. 354; *State* v. *McNaspy,* 58 Kan. 691, 50 Pac. 895, 38 L. R. A. 756.)

The testimony of Redfield relative to the purported letter of recommendation was inadmissible. The evident purpose of it was to have the jury infer that the appellant had been guilty of other offenses which were not otherwise shown, and which would tend to degrade and prejudice him. (*People* v. *Hill*

(Cal.), 34 Pac. 854; *Roper* v. *Territory,* 7 N. Mex. 255, 33 Pac. 1014; *People* v. *O'Brien,* 96 Cal. 171, 31 Pac. 45; *People* v. *Rogers,* 71 Cal. 565, 12 Pac. 679; *People* v. *Tucker,* 104 Cal. 440, 38 Pac. 195; *People* v. *Baird,* 104 Cal. 462, 38 Pac. 310; *People* v. *Arlington,* 123 Cal. 356, 55 Pac. 1003; *State* v. *Raynolds,* 5 Kan. App. 515, 47 Pac. 573; *State* v. *Thompson,* 14 Wash. 285, 44 Pac. 533.)

The information to charge forgery by alteration should allege in what respect the instrument was altered. (*Kahn* v. *State,* 58 Ind. 168; *State* v. *Bryant,* 17 N. H. 323; *State* v. *Riebe,* 27 Minn. 315, 7 N. W. 262.)

Tearing off of memorandum on note showing signers as sureties is an immaterial alteration. (*Humphreys* v. *Crane,* 5 Cal. 173.) Adding rate of interest where rate is left blank is immaterial. (*First Nat. Bank* v. *Wolff,* 79 Cal. 69, 21 Pac. 551.) Changing in marginal figures of note or bill is immaterial. (*Horton* v. *Horton,* 71 Iowa, 448, 32 N. W. 452; *Johnston Harvester Co.* v. *McLean,* 57 Wis. 258, 46 Am. Rep. 39, 15 N. W. 177.) Cutting off receipt on margin of bond is not a multilation of bond. (*Bryan* v. *Dyer,* 28 Ill. 188.) Removal of memorandum written on bill or note and not any part of the writing is immaterial. (2 Am. & Eng. Ency. of Law, 277, and cases cited.) Placing a mere reference memoranda on note is immaterial. (*Maness* v. *Henry,* 96 Ala. 454, 11 South. 410; *White* v. *Johns,* 24 Minn. 387.)

One of the theories of the prosecution of the case is, that appellant filled up the blank note in question, after it had been signed. Assuming, for the sake of argument, that he did so, yet a delivery of a writing containing blanks evidently intended to be filled creates an implied authority on the receiver to complete the instrument, especially in negotiable paper in conformity to the character of the writing. (2 Am. & Eng. Ency. of Law, 253, 254, and cases cited; *Gillaspie* v. *Kelley,* 41 Ind. 158, 13 Am. Rep. 318; *Rainbolt* v. *Eddy,* 34 Iowa, 440, 11 Am. Rep. 152; *Smith* v. *Crooker,* 5 Mass. 538; *Berwick* v. *Huntress,* 53 Me. 89, 87 Am. Dec. 535; *Angle* v. *Northwestern Mut. Life*

*Ins. Co.,* 92 U. S. 330, 23 L. Ed. 556; *Swartz* v. *Ballou,* 47 Iowa, 188, 29 Am. Rep. 470; *State* v. *Young,* 23 Minn. 551.)

Conviction of forgery can be had only on proof that the person who signed another's name did so without authority. (*People* v. *Lundin,* 117 Cal. 124, 48 Pac. 1024.)

Mr. *Albert J. Galen,* Attorney General, and Mr. *W. H. Poorman,* Assistant Attorney General, for Respondent.

The allegations in the information relative to uttering, passing, etc., only amplify and accentuate the allegation relative to the intent to defraud. Similar informations have been sustained. (*State* v. *Patch,* 21 Mont. 534, 55 Pac. 108; *People* v. *Frank,* 28 Cal. 507; *People* v. *Leyshon,* 108 Cal. 440, 41 Pac. 480; *People* v. *Ellenwood,* 119 Cal. 166, 51 Pac. 553; see, also, *Territory* v. *Ashby,* 2 Mont. 89; 22 Cyc. 380, 381; *State* v. *Klugherz,* 91 Minn. 406, 98 N. W. 99; *People* v. *Dole,* 122 Cal. 486, 68 Am. St. Rep. 50, 55 Pac. 581.)

Instruction No. 11, as given, is a correct statement of the law. The severance of the negotiable part of a contract from that part which renders it non-negotiable, under the circumstances stated in this instruction, is forgery. (19 Cyc. 1375.)

The central thought in instruction No. 12 is that, where an instrument is altered in a material part, and in such a manner as to give the instrument a new meaning, if done falsely, fraudulently and feloniously, it constitutes forgery. This doctrine is sustained by high authority. (19 Cyc. 1375; *State* v. *Floyd,* 5 Strob. (S. C.) 58, 53 Am. Dec. 689.)

Instruction No. 14 we believe to be a correct statement of the law, and in support thereof cite *State* v. *Evans,* 15 Mont. 539, 48 Am. St. Rep. 701, 39 Pac. 850, 28 L. R. A. 127, and cases heretofore referred to.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

J. A. Mitten was convicted of the crime of forgery, and appeals from the judgment and an order denying him a new trial.

The charging part of the information is as follows:

"J. A. Mitten on or about the 25th day of August, A. D. 1906, at the county of Gallatin, state of Montana, did, then and there, falsely, unlawfully and feloniously make, forge and counterfeit a writing on paper purporting to be a promissory note and writing obligatory for money, of the tenor following:

" 'Bozeman, Aug. 20th, 1906.

" 'On or before October 1st, 1906, we jointly and severally promise to pay to the Superior School Supply Co., or order, sixty-one dollars, for value received, with interest at six per cent per annum from date until paid, and with attorney's fees in addition to other costs in case the holder is obliged to enforce payment at law.

" 'Payable at ———.

" ' (Signed) J. H. FRENCH.
" ' (Signed) J. A. ORR.
" ' (Signed) M. R. JOHNSON.
" 'P. O. Address, Bozeman.

" '$61.00   When due Oct. 1, 06.   Number ———.'

—"with intent then and there to injure, defraud, cheat and to damage the said J. H. French, J. A. Orr, M. R. Johnson and others, and the said J. A. Mitten then and there having in his hands and possession the said forged and counterfeit promissory note and writing obligatory, did then and there well knowing the said promissory note and writing obligatory to be false, forged and counterfeit, utter, pass and publish the same as true and genuine with intent to defraud, cheat and to damage the said J. H. French, J. A. Orr, M. R. Johnson."

The defendant interposed a general and special demurrer, which was overruled. His counsel insists that the information states two offenses: (a) The false making of the note; and (b) the passing of the alleged forged note. While we think that all that portion of the information above after the word "others" had better been omitted, since it adds nothing whatever to the complete offense charged, still such latter part, standing alone,

does not state an offense, and therefore the information is not open to the objection urged. With this latter portion added, however, the information comes dangerously near invading the provision of section 1834 of the Penal Code, but we are not prepared to say that it is fatally defective. (22 Cyc. 380, 381, and cases cited.) The evidence relating to the passing of the instrument would have been admissible upon the question of the defendant's criminal intent, without the allegations above criticised.

A witness, Redfield, testified to a transaction with the defendant similar to that had by the defendant with French, Orr and Johnson, and; as a part of his testimony, he was asked to give the contents of a letter which the witness said the defendant exhibited to him, purporting to be a letter of recommendation from W. E. Harmon, State Superintendent of Public Instruction. This was objected to, but the objection was overruled. If the defendant had been charged with obtaining money under false pretenses from the witness Redfield, then this evidence might have been very material; but under the information in this case, we think the objection should have been sustained, and the evidence excluded. We cannot conceive of any theory upon which it was admissible. This, evidently, became the opinion of the trial court before the cause was ended, for, by instruction No. 15, this evidence was, in effect, excluded from the jury's consideration, though not done so in express terms. That instruction correctly states the law as follows: "While there can be no forgery without a fraudulent intent, it does not follow that every intent to defraud, although coupled with a written instrument, is forgery. For example, procuring the execution of a document by a misrepresentation as to its contents, or by misstatement of facts, is not forgery." This instruction is entirely inconsistent with the idea that the so-called Harmon letter was material.

But the principal objections urged by appellant are to instructions 11, 12, 13 and 14, given by the court. These instructions are all upon the same subject. Assuming, as the attorney gen-

eral contends, that the objections to No. 11, made at the time the instructions were settled, were not sufficiently specific, still the point is saved by the objections to 12, 13 and 14. A reproduction of No. 13 will be sufficient to illustrate the appellant's contention:

"No. 13. You are instructed that in order to constitute the crime of forgery it is not necessary that the signature or the signatures to any instrument in writing be false, neither is it necessary or essential that any person be actually injured or defrauded. It is sufficient, if a genuine instrument be altered so that it is not the instrument signed by the maker or makers, and if such alteration be a material one, and changed in any material way the legal effect of the instrument or the liability of the parties thereto; and if such alteration be falsely, fraudulently or feloniously done, it is forgery, notwithstanding the fact that the signature or signatures may be genuine."

The defendant was charged with having forged the promissory note set out in the information above, by falsely making the same. He was not charged with having forged the note, or another instrument, by altering either. In order to charge forgery by altering an instrument, the information must clearly set forth the particulars in which the instrument was altered. (19 Cyc. 1394; *State* v. *Knippa*, 29 Tex. 295; *State* v. *Fisher*, 58 Mo. 256; *State* v. *Riebe*, 27 Minn. 315, 7 N. W. 262; *Kahn* v. *State*, 58 Ind. 168.) The reason for this rule is manifest. It is not every alteration of one of the instruments mentioned in section 840 of the Penal Code which amounts to forgery. "In order that an alteration may constitute forgery, it is essential that it be material." (19 Cyc. 1375, and cases cited; *Bittings* v. *State*, 56 Ind. 101; *State* v. *Bryant*, 17 N. H. 323.) It is therefore necessary that the information shall set forth the particulars in which the instrument is alleged to have been altered, in order that the trial court may say, as a matter of law, whether the alteration is of such a character as to constitute the crime of forgery.

Since the information is entirely insufficient to charge forgery by alteration, instructions 11, 12, 13 and 14 are upon an issue not presented by the information and the defendant's plea of not guilty. A person cannot be charged with forgery in fraudulently making an instrument, and proved guilty by showing that he altered the instrument.

Judge Armstrong, to whom the note was negotiated by the defendant, was satisfied that the signatures of French and Johnson were genuine. He did not know anything about Orr's signature. There is some dispute in the testimony as to whether any of these parties repudiated the note or questioned its genuineness until some time in December. French, Orr and Johnson each testified that he did not sign the note, but did sign an order for certain school supplies. With respect to the signatures to the note they said: French: "The signature to the note is very much like my signature." Orr: "The signature on plaintiff's Exhibit No. 1 [the note in question] is very similar to mine." Johnson: "The signature attached to plaintiff's Exhibit No. 1 [the note in question], or on there, favors mine." The defendant testified positively that the signatures to the note are the genuine signatures of French, Orr and Johnson, and that he saw each sign his name to the note after the same had been filled out as it appears in the information. In view of this state of the case, it would appear to be a reasonable supposition that the jury found the defendant guilty of detaching the note in question from another portion of the page of his order-book, a case which instructions 11, 12, 13 and 14 presented for their consideration, but an entirely different case from the one presented by the information and the defendant's plea.

It is elementary that instructions ought not to be given which do not relate to the issues made, even though they are correct as abstract statements of rules of law.

For the reasons assigned, the judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.