## Davis v. Commonwealth.

(Decided January 25, 1927.)

### Appeal from Boyle Circuit Court.

1.  Criminal Law—To Sustain Conviction, Evidence Need Only be Sufficient to Take Case to Jury.—The evidence need not be conclusive to sustain conviction; all that is essential being that it be sufficient to take the case to the jury.

2.  Forgery—Forgery of Illiterate's Name Held for Jury.—Evidence held sufficient to make forgery of an illiterate's name to a check a question for the jury.

3.  Forgery—"Forgery" is False Making or Material Alteration of Writing of Apparent Legal Efficacy, with Intent to Defraud.—"Forgery" is the false making or material alteration, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability.

4.  Forgery—Forgery Need Not so Resemble Genuine Signature as to Mislead Any One Acquainted Therewith.—Forgery need not so resemble the genuine signature as to be likely to mislead any one acquainted therewith; it being sufficient if there be an intent to deceive and a possibility of deceiving one who does not know the genuine signature.

5.  Forgery—Illiterate's Name May be Forged.—The name of a person who cannot write may be forged.

6.  Forgery—Variance as to Whom Forged Check was Uttered Held Not Fatal.—Proof that a forged check was uttered to a store owner's wife in payment of an account due him held not a fatal variance from allegations of indictment that the check was uttered to him.

7.  Forgery—Whether Defendant Knowingly Uttered Forged Check Held for Jury.—Evidence held sufficient to make a question for

the jury as to whether defendant knowingly uttered a forged check.

8.    Criminal Law—New Trial for New Evidence Will be Denied, in Absence of Affidavit that Accused did Not Know, and could Not have Known, Thereof Before End of Trial.—A new trial will not be granted accused for newly discovered evidence, in absence of an affidavit that he did not know, and by exercising reasonable diligence could not have known, of existence of such evidence before the trial was concluded.

C. C. BAGBY and E. C. NEWLIN, JR., for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

Appellant was convicted of uttering a forged instrument and his punishment fixed at two and one-half years' imprisonment in the state penitentiary.

The facts are these: The instrument alleged to have been forged was a check for $24.00, purporting to have been drawn on the Boyle Bank & Trust Company by Otho Steele. Steele testified that appellant worked for him for a while and that he gave appellant at one time a check for $14.00. Not knowing how to write he got Pattie Best to sign the check for him. This was the only check he ever gave to appellant, and he never authorized anyone to sign the check in question. Pattie Best stated that at one time he had written a check for $14.00 payable to appellant at the request of Steele, but that Mr. Steele never requested him to write any other check for him, and that the check in question was not written by him at the request of Mr. Steele or otherwise. Mr. Nichols, the cashier of the Boyle Bank & Trust Company, testified that he paid the check to a merchant by the name of Lynch. Thereafter, Mr. Steele claimed that the check was a forgery and the bank reimbursed him for the amount of the check. He had had a long experience in examining checks and was an expert on handwriting. In his judgment the signature on the check was in the same handwriting as appellant's signature on the back of the check. Daniel Lynch's evidence as to what took place between his wife and the person presenting the check was excluded as hearsay, but he was permitted to testify that he was a merchant and that the check was deposited to his credit in the Boyle Bank & Trust Company in the regular course of business.

He further stated that he did not know appellant and could not recall that he had ever seen him. He also said that his wife usually attended to the business in the store. Mrs. Lynch testified that appellant had an open account in the store. In the month of March, 1924, a man brought the check to the store. She cashed the check, paid appellant's account of $14,00, and gave the rest of the money to the man presenting the check. She further said that she could not state positively that appellant was the man; that although he looked like the man and she thought he was the man, she would not be willing to swear that he was the same man. She also stated that whoever cashed the check said that he was going away that day.

On the other hand, appellant testified that if he had ever seen the check before he was indicted, or had ever cashed a check in March or at any other time at the Lynch store, he had no recollection of it; that during the month of March he was in bad health and drinking heavily and did not know what he was doing three-fourths of the time; that he had some kind of spells when his head would ache terrifically, and he would not know where he was or what he was doing; that in the month of March he had had some trouble with his wife which made his condition worse, and particularly bad during that month; that the signature on the check was not his signature and did not look like his signature. On being asked to write a check in the same words as the check in question, he did so, and the check thus written was placed before the jury for comparison with the check in question.

It was also proved that appellant left Danville the day after it was claimed by Mrs. Lynch that the check was cashed.

The refusal of a peremptory instruction is the principal ground relied on for a reversal.

It is first insisted that the evidence was insufficient to establish a forgery. The point is made that as Steele could not write, but was in the habit of having others sign his name, the proof was not at all conclusive that his name had been forged. It is not necessary that the evidence be conclusive. All that is essential is that the evidence be sufficient to take the case to the jury. If the only evidence had consisted of Best's statement that he did not sign the check in question at the request of Steele or otherwise, doubtless this would not have been sufficient to make out a case; but, in addition to this evidence, there

was the further evidence of Steele that he could not write himself and that he did not authorize anyone else to sign the check for him. That this evidence was sufficient to make the forgery a question for the jury there can be no doubt. In this connection there is the further insistence that to constitute a forgery there must be an effort to simulate the writing of another, and there can be no simulation where the other is unable to write. Forgery may be defined as the false making, or material alteration, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. Commonwealth v. Fenwick, 177 Ky. 685, 198 S. W. 32, L. R. A. 1918B 1189. Under the rule prevailing in this state it is not necessary that the forgery so resemble the genuine signature as to be likely to mislead anyone acquainted therewith. It is sufficient if there be an intent to deceive and a possibility of deceiving one who does not know the genuine signature. Barnes v. Commonwealth, 101 Ky. 556, 41 S. W. 772; Roberson's Criminal Law, vol. 1, section 393. As said in Commonwealth v. Fenwick, *supra,* "Likelihood to deceive, as an element of forgery, depends, not upon the skill with which the forgery is executed, but upon the character of the instrument forged. It must be a writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability; but, whether the similitude of the signature with the genuine is such as would be likely to deceive is wholly immaterial." Manifestly, where the forgery is of the signature of one who cannot write, it is impossible for anyone to know his genuine signature, and, therefore, the possibility of deceiving others is all the greater. Moreover, a fictitious name as well as that of a real person may be forged, 1 Bishop, New Criminal Law, section 572, subsection 2; 26 C. J. 899, and a person not in existence can not write. For these reasons we are not prepared to sustain the novel contention that the name of a person who can not write can not be forged.

Another insistence is that there was a fatal variance between the indictment and the proof, in that the indictment charged that the check was uttered to Daniel Lynch, while the only evidence on the question showed that it was uttered to Lynch's wife. It is at once apparent that there is no basis for this contention. Lynch owned the

store. The account that was paid was due him, the balance was paid with money that belonged to him, and the check was placed in the Boyle Bank & Trust Company to his credit. In carrying out the transaction his wife, who usually tended the store, simply acted as his agent and the uttering was to him and not to her, although she was the one who received the check.

Although Mrs. Lynch was unable to swear positively that appellant was the man who presented the check at the store, the other evidence connecting appellant with the offense must not be overlooked. Prior to the uttering of the instrument in question he had worked for Steele and had received from him another check written by Pattie Best, and knew that Steele could not write. The check in question was cashed and appellant's account at the Lynch store was paid. An expert in handwriting testified that the signature to the check was in the same handwriting as appellant's signature on the back of the check. In addition to this, appellant wrote a similar check and this check was admitted in evidence for purpose of comparison. Furthermore, there was evidence that the man who brought the check to the store looked like appellant; that he stated that he was going to leave that day and that he did leave Danville the next day. In our opinion these circumstances were sufficient to make it a question for the jury whether appellant knowingly uttered the check in question.

Another ground on which a reversal is asked is that the court erred in refusing a new trial on account of newly discovered evidence. In reply to this contention it is sufficient to say that a new trial will not be granted the accused on the ground of newly discovered evidence unless, in addition to the other requisites, he files his own affidavit that he did not know and by the exercise of reasonable diligence could not have known of the existence of such evidence before the trial was concluded, and that no such affidavit appears in the record. Ellis v. Commonwealth, 146 Ky. 715, 143 S. W. 425; Oakley v. Commonwealth, 158 Ky. 474, 165 S. W. 691.

Judgment affirmed.