[Crim. No. 5366.   Second Dist., Div. One.   July 18, 1955.]

THE PEOPLE, Respondent, v. SAMMY EPPERSON, Appellant.

John H. Marshall for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the district attorney of Los Angeles County the defendants were jointly charged with the crime of forgery of endorsement (Pen. Code, § 470).

Following the entry of pleas of not guilty and waiver of trial by jury, the case of the People was by stipulation submitted on the transcript of the testimony adduced at the preliminary examination. Defendant Epperson testified as a witness in his own behalf. Thereafter, the court adjudged each defendant guilty of the crime charged in the informa-

tion. Defendant Epperson was sentenced to imprisonment in the Los Angeles county jail for the term of one year. From the judgment of conviction he prosecutes this appeal.

Concerning the factual background surrounding this prosecution the record reflects that the defendants took a check from a mailbox at 905 East 40th Place in the city of Los Angeles. The check was drawn on the Bank of America payable to Robert A. Tracy in the amount of $17.29 on the disability insurance account of the Department of Employment of California. At the time of the preliminary hearing and the trial, the check bore the endorsement of Robert Tracy and subendorsement of Frederick Bryant.

G. W. Smith, a police officer of the city of Los Angeles, assigned to the forgery division, was the arresting officer in the case. On July 28, 1954, he had a conversation with defendant Epperson in which the latter stated that he signed the name Robert Tracy and used a pawn ticket which had been supplied by his codefendant Bryant in attempting to duplicate as closely as possible the true signature of Robert Tracy. In a subsequent conversation, in the presence of Epperson, defendant Bryant admitted that he took the check into a Safeway store and cashed it in the presence of Epperson. Bryant further admitted to Officer Smith that he was at first going to represent himself as Tracy, but then decided to sign his true name underneath the endorsement of Robert Tracy on the back of the check. Both men admitted that they had been waiting at the 40th Place address all day for the mailman to deliver the check.

Charles Hurd, a clerk for Safeway Stores at 4077 Avalon Boulevard, testified that he saw the check in question in defendant Bryant's hand when Bryant came up to the cash register, on or about the 23d of February, 1954. Hurd cashed the check at the request of Bryant and gave him in exchange a small amount of groceries and the rest of the $17.29 in cash. At the time Hurd cashed the check the signature Robert Tracy and the signature Frederick Bryant were on it. Neither signature was written in Hurd's presence.

Robert A. Tracy of 3514 South Central Avenue, Los Angeles, testified that he previously lived at 905 East 40th Place and was entitled to disability insurance payments from the State of California. Tracy was entitled to receive two disability insurance checks in February of 1954, but he received only one. Examining the check in question, Tracy denied that he ever gave anyone permission to sign his name to the

check. He further denied that either of the endorsements on the back of the check was in his handwriting.

Defendant Sammy Epperson testified in his own behalf. He denied signing someone else's name on the back of the check in question, or being present when it was so signed. Epperson denied telling Officer Smith that he had forged Tracy's name to the check. He did say, however, that he told Smith that he received no money at all from the proceeds of the check. He further denied that he had any part in taking the check out of the mailbox.

We have narrated the evidence in detail because it furnishes a complete answer to appellant's contention that the evidence is insufficient to support the judgment finding him guilty of forging the endorsement on Mr. Tracy's check.

█ The evidence conclusively establishes that the person whose name was alleged to have been forged was a real person; that his name was signed to the check without his authority, and that the check was cashed with intent to defraud. Such proof constitutes the elements necessary to establish the crime charged (*People* v. *Cullen,* 99 Cal.App.2d 468, 472 [221 P.2d 1016]).

█ Appellant next contends that the judgment is against law in that the court erred in admitting, over his objection, an alleged confession made by appellant, without which incriminating testimony it is claimed there is no evidence to connect him with the commission of the crime charged. Appellant urges that the extrajudicial statements testified to by Officer Smith were inadmissible because no foundation was laid showing that they were freely and voluntarily made, and without promise of immunity.

There is merit in the People's argument that, in the case at bar, appellant's pretrial statements constituted admissions rather than confessions in that at no time did appellant admit an intent to defraud in connection with the passing of the check. His statements covered his and Bryant's activities in taking the check out of the mailbox, and writing in the name of Robert Tracy, and finally in Bryant's cashing the check at the Safeway store, but in none of his comments is there contained a statement that by his actions he intended to defraud. Though the element of felonious intent may be inferred from other evidence in the case it is totally absent from appellant's statements, and as pointed out above, this is a necessary ingredient of the crime of forgery. The distinction between admissions and confessions is thus stated in

*People* v. *Cryder,* 90 Cal.App.2d 194, 203 [202 P.2d 765] : ". . . 'Admission' is not the synonym of 'confession.' In a criminal action an admission against interest relates to factual matters and does not convey the idea of a criminal intent on the part of him who admits, whereas a confession is an acknowledgment of the guilt of the crime charged. It is only with respect to the confession that the rule obtains requiring preliminary proof that it was voluntary. (Citing cases.)" Since the statements of appellant and those by defendant Bryant in the presence of the former did not amount to confessions as that term is known to the law, their admission into evidence was not error.

Since there was sufficient evidence to show that appellant wrongfully forged Tracy's name to the check without authority, the trial court had the right reasonably to infer from the facts and circumstances established at the trial, that appellant intended to defraud someone. ██ When a person without authority, signs the name of another as endorser of a check, that in itself is quite conclusive evidence that his intent was to prejudice or damage that person (*People* v. *Collins,* 60 Cal.App. 263, 268 [212 P. 701]).

The judgment is affirmed.

Doran, J., and Drapeau, J., concurred.