STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.* CLAR-ENCE KANADA BROWN, DEFENDANT AND APPELLANT.

No. 10058.

Submitted October 19, 1959. Decided December 21, 1959.

351 Pac. (2d) 219.

See **C. J. S.** Criminal Law, § 1971.

Leo C. Graybill, Great Falls, for appellant.

Leo C. Graybill argued orally for appellant.

Forrest H. Anderson, Atty. Gen., Thomas J. Hanrahan, Asst. Atty. Gen., John C. Hall, Deputy Co. Atty., Great Falls, for respondent.

Thomas J. Hanrahan, Asst. Atty. Gen., and John C. Hall, Deputy Co. Atty., argued orally for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of conviction on a jury

verdict of the crime of forgery. The defendant was sentenced to ten years in prison.

A dividend check of the Atomic Development Mutual Fund, Inc., payable to Clifford F. Holt and Sara T. Holt in the amount of $15.65 was mailed to the Holts, but they never received it. The defendant Brown and an unidentified woman turned up in possession of the check. The defendant signed the name Clifford Holt as an endorsement on the check and someone signed the letters "Sa" to signify Sara T. Holt. The defendant attempted to cash the check at two or three bars but was unsuccessful. He then found a man named Ed Dumont, who endorsed it as a witness. Representing that he was Clifford Holt, the defendant managed to cash the check at the 112 Bar in Great Falls. Sometime later that day the defendant returned to the 112 Bar and in response to questions concerning the endorsements on the check said that he was Clifford Holt and had endorsed his name, but that his wife could not write and so she had made her mark "Sa." The defendant added that his wife often cashed checks with the same endorsement. The defendant was not married and the unidentified woman did not appear.

The defendant was charged with the crime of forgery of endorsement together with certain prior felony convictions. During the course of the trial, the State was unable to prove the prior convictions and they were dismissed. More will be said later concerning this feature.

The defendant's specifications of error are argued in three parts. The first is as to the efficacy or apparent genuineness of the instrument. The second as to the intent and the third as to the sentence, which will later be expanded.

The defendant asserts that the endorsements do not appear genuine and that therefore the check did not and could not have the effect of defrauding. Since the payee names on the face of the check were Clifford F. Holt and Sarah T. Holt, while the forged endorsements were simply Clifford Holt, with-

out the initial, and "Sa", the defendant asserts a lack of apparent genuineness that makes it no endorsement at all. He then suggests that the proper charge would have been passing a forged check, a misdemeanor, rather than the charge of forgery, a felony.

We do not feel that the matter of the initial in the name of Clifford F. Holt requires extended discussion. But see State v. Vineyard, 16 Mont. 138, 40 Pac. 173, and People v. Epperson, 134 Cal. App. (2d) 413, 285 Pac. (2d) 722.

The question of apparent validity of an instrument or an endorsement is a question of law for the trial court. State v. Mitten, 36 Mont. 376, 92 Pac. 969; State v. Evans, 15 Mont. 539, 39 Pac. 850, 28 L.R.A. 127, 48 Am. St. Rep. 701.

The explanation by the defendant for the endorsement "Sa" to the 112 Bar was that his Indian wife could not read or write and signed her name "Sa". The signature "Sa" could have been a valid signature if actually made by Sarah T. Holt. A mark, if adopted as a signature, is ample.

In State v. Vineyard, supra, 16 Mont. at page 142, 40 Pac. at page 175, this court said:

"The defendant says that 'Swanson' was a fictitious name. But, unfortunately for him, it is forgery to sign a money order or check of apparent legal efficiency [sic] in an assumed name, if the name was assumed to defraud the person to whom the order or check was given; or it may be forgery to sign the name of a nonexistent person, if under such circumstances as are likely to defraud. Whart. Cr. Law, sections 659, 660; Bish. Cr. Law, section 587. The check was apparently sufficient upon its face to prejudice the rights of another person, if falsely made, or passed with a fraudulent purpose. It was well calculated to deceive men of business capacity * * *."

In the instant case the forgery of the endorsement did have the effect of defrauding since the check was cashed. Even though we do not look with favor upon wholesale check cashing over bars, we look to the effect. The evidence establishes that the

payees whose endorsements were forged were real persons; that their names or apparent marks were endorsed without their authority; and that the check was cashed with intent to defraud. Such proof constitutes forgery.

In Davis v. Commonwealth, 217 Ky. 801, 290 S.W. 702, 704, quoting from Commonwealth v. Fenwick, 177 Ky. 685, 198 S.W. 32, L.R.A. 1918B, 1189, it is said:

" 'Likelihood to deceive, as an element of forgery, depends not upon the skill with which the forgery is executed, but upon the character of the instrument forged. It must be a writing, which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability; but whether the similitude of the signature with the genuine is such as would be likely to deceive is wholly immaterial.' "

The proof of forgery of endorsements, even though crudely done, was clear cut and convincing.

Next the defendant asserts a lack of proof of intent. The evidence reveals that the defendant fraudulently misrepresented that he was Clifford Holt on at least three occasions in order to successfully defraud the owner of the 112 Bar. He had tried to cash the check previously at the Mint Bar. He had held himself out as Clifford Holt at the 112 Bar when he cashed the check. After he had cashed the check he came back to that same bar and misrepresented himself as Clifford Holt in explaining the endorsements on it.

These facts bring the case directly in point with the case of State v. Vineyard, supra, 16 Mont. at 141, in which this court said: "If a man goes to a stranger with a check made out to another, permits himself to be identified as the real payee, and secures the amount of the check as an accommodation, after making a fictitious or forged indorsement thereon, we unhesitatingly say that his intent is *prima facie* criminal, and to hold otherwise, under the facts of this case, is contrary to all logical processes of reasoning by evidential induction, and to indulge

in metaphysical abstractions wholly unwarranted by the testimony in the record.''

And in Nelson v. United States, 1955, 97 U. S. App. D. C. 6. 227 F. (2d) 21, 25, 53 A.L.R. (2d) 1206, the court said: ''The intent to injure or defraud is presumed when the unlawful act, which results in loss or injury is proved to have been knowingly committed.'' We think the necessary intent to justify a conviction was fully warranted by the evidence adduced during the trial.

The third alleged error of the defendant we think is well taken. The sentence of ten years imposed was obviously, from the record, imposed under the misapprehension that ten years was the minimum that could be given, the court deeming itself bound by any prior conviction of a felony. Statements of the court from the record were as follows:

''The Court: Under the laws of this State the minimum sentence that can be imposed is ten years * * * under the laws of this State it is the law that a man with a prior conviction receive a minimum sentence of ten years. * * *

''The Court: Yes, and that is exactly because I would have to impose ten years because of the statute, I have no choice; * * * I have no power to sentence you to less than ten years.''

And, again the court said, ''I will show you such leniency as I can under the law.''

Prior to this time, the court had actually ordered the charging part of the information charging prior convictions to be withdrawn from the information after the county attorney had stated that it could not be proven. In addition, the court had instructed the jury to disregard any consideration of a prior conviction of a felony.

In addition, the court had given the following instruction in accordance with the provisions of R.C.M. 1947, section 94-2004. Said Instruction being No. 35 reads in part as follows:

''If you find the defendant guilty and elect to fix the punishment, you may fix the punishment at imprisonment in

388

the State Prison for any period of time not less than one year in duration nor more than fourteen years in duration.''

Truly that became the law of the case and it is very apparent that the court would not have given more than a one year sentence had it thought it had the power.

The knowledge of the prior foreign conviction came to the ██ court at the time of sentencing after the verdict. It is said by the State that no objection was made to the statement of the judge, and that the defendant admitted prior convictions of his own volition. We need not discuss whether or not these admissions were voluntary. When the court considering a sentence had before it fingerprint records of the Federal Bureau of Investigation, defendant could do nothing less than reveal all that he knew was in that record. We think that in the case of a prior foreign conviction, it must be charged and proven before the court is bound to fix a minimum penalty of ten years. We feel that this sentence is improper. See R.C.M. 1947, sections 94-4713, 94-4715 and 94-4701.

Under authority of R.C.M. 1947, section 94 8210, we affirm the judgment but modify the sentence imposed to one year in year in the state penitentiary.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE BOTTOMLY concur.

MR. JUSTICE ADAIR dissenting.

MR. JUSTICE ANGSTMAN concurring in part and dissenting in part.

I agree that defendant's conviction must stand. I do not agree that we should fix the punishment at one year or otherwise but I think the cause should be remanded with directions to the trial court to fix the punishment within the limits provided by section 94 2004, R.C.M. 1947.

It is true that the trial judge thought the defendant was entitled to the minimum sentence, but he erroneously thought

that the minimum was ten years which would have been the case had the court been justified in considering the prior conviction.

It does not follow that the trial judge would have concluded that defendant was entitled to the minimum sentence when that was shown to be one year. Under section 94-2006 the punishment may be ''for not less than one nor more than fourteen years.'' The trial judge should fix the punishment within those limits.