The STATE OF MONTANA, Plaintiff and Respondent, v. JAMES B. PORTER, a/k/a R.L. GRAHAM, a/k/a JIMMY PORTER, Defendant and Appellant.

No. 11697.
Submitted March 12, 1970.
Decided March 18, 1970.
466 P.2d 905.

Berger, Anderson & Sinclair, Arnold Berger, argued, Billings, Charles E. Marshall, Lewistown, for defendant and appellant.

Robert L. Woodahl, Atty. Gen., Robert P. Gannon, Asst. Atty. Gen., argued, Helena, William A. Spoja, Jr., appeared, County Atty., Lewistown, for plaintiff and respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

Subsequent to our opinion upon appeal in this case defendant procured the services of different counsel who have filed a "Petition for Rehearing" on his behalf. The issues set forth therein were not raised in the trial court nor in this Court upon appeal prior to this time. We granted rehearing on January 28, 1970, 464 P.2d 940.

Briefly stated, the defendant now contends (1) that he was illegally sentenced to a term of six years imprisonment as a prior felon, and (2) that he was illegally convicted of the crime charged by prejudicial impeachment questions asked him by the county attorney during his trial. In view of our disposition of this case, it will not be necessary to discuss issue (2) as it is not likely to arise.

As these issues were not raised in the trial court nor before this Court upon appeal, and therefore under normal appellate rules the merits would not be reached since no objections were made, no record or exceptions preserved. However, since substantial rights are affected that would be reviewable under our new rules (see sections 95-2601 to 95-2608, R.C.M.1947), we shall treat defendant's "Petition for Rehearing" as an application for post-conviction relief in order to reach the merits.

Defendant was charged and convicted by jury of the crime of knowingly making a false written statement of his finan-

cial condition to a bank for the purpose of procuring a loan. The date of the alleged crime was December 9, 1966, and the crime charged was a violation of section 94-1803(1), R.C.M. 1947. The penalty provided by section 94-1803 upon conviction is "* * * a fine not exceeding one thousand dollars or imprisonment not exceeding five years, or both."

The trial judge thereafter sentenced defendant to a term of six years imprisonment in the state prison as a prior felon. This was done pursuant to section 94-4713, R.C.M.1947, authorizing increased punishment to be imposed upon a defendant who has previously been convicted of a felony. The pertinent parts of section 94-4713 provide as follows:

"Every person who, having been convicted of any offense punishable by imprisonment in the state prison, commits any crime after such conviction, is punishable therefor as follows:

\*     \*     \*     \*     \*     \*     \*     \*

"2. If the subsequent offense is such that, upon a first conviction, the offender would be punishable by imprisonment in the state prison for five years, or any less term, then the person convicted of such subsequent offense is punishable by imprisonment in the state prison not exceeding ten years."

The defendant served 84 days in the county jail prior to his trial and conviction which the trial judge credited. Defendant commenced serving his sentence at the state prison shortly after his conviction but was released on bond in July 1969. He previously applied for review of his sentence by the Sentence Review Division but orally withdrew his application in July 1969, before it could be acted upon.

The issue concerning the sentence imposed in this case arises because the "New Rules" of criminal procedure were followed and the "Old Rules" of criminal procedure were not complied with. The so called "New Rules" are contained in the new Montana Code of Criminal Procedure which became effective on January 1, 1968, and which apply to all crimes

alleged to have been committed on or after that date. Section 3, Chapter 196, Laws of 1967, specifically provides:

"The Montana Code of Criminal Procedure is effective January 1, 1968, and its provisions apply to all proceedings in prosecutions for crimes alleged to have been committed on or after that date."

Here the county attorney sought to apply the so-called "New Rules" to a crime alleged to have been committed on December 9, 1966. Although the trial occurred in March 1969, long after the "New Rules" became effective, it is not the trial date but the date of the alleged crime that controls as to whether the "New Rules" or the "Old Rules" apply, at least in the absence of an agreement by the parties to the contrary. In the instant case the record is silent as to any such agreement.

From the foregoing discussion it is apparent that the "Old Rules" of criminal procedure governing crimes committed prior to January 1, 1968, apply to the instant case. These rules require the State to plead in the Information and thereafter prove the prior felony conviction. See State v. Brown, 136 Mont. 382, 351 P.2d 219; State v. O'Neill, 76 Mont. 526, 248 P.215; State v. Gordon, 35 Mont. 458, 90 P. 173. Additionally, in the absence of a plea by defendant that the prior conviction charged is true, the jury must determine this fact. Section 94-7407, R.C.M.1947. And, under the former rules, the jury is entitled to fix and assess the punishment under proper instructions concerning the alternatives. Section 94-7411, R.C.M.1947. None of those requirements was observed in the instant case.

The State argues that by following the "New Rules" of criminal procedure rather than the "Old Rules", no substantial rights of the defendant were lost and that in any event the matters now raised are untimely and thereby foreclosed. The State points out that the county attorney advised defendant and the court by written notice at the time of filing the In-

formation that the State would seek increased punishment by reason of a specified prior out-of-state felony conviction. See section 95-1506, R.C.M.1947.

Suffice it to say that the right to a jury determination of the truth of the charge of a prior felony conviction and the right to have the jury consider whether or not the crime was a felony or misdemeanor and imposing the proper punishment itself by its verdict partakes of substantial rights which can hardly be characterized as unsubstantial or non-prejudicial. And, when such rights are involved, as here, a silent record or a late reliance does not change this character nor foreclose the enforcement of such rights.

For the foregoing reasons, the sentence must be set aside. A jury must be given an opportunity to assess the punishment by its verdict within the limits prescribed by law. Accordingly, defendant is granted a new trial and this cause is remanded to the district court of the tenth judicial district of the state of Montana, in and for the county of Fergus, for that purpose.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES and JOHN C. HARRISON, concur.