MR. JUSTICE SHEEHY,
dissenting:
I dissent. On April 22, 1983, Randal J. Noonan filed a complaint against Spring Creek Forest Products, Inc. and Robert Ulrich, alleging that his employer Spring Creek, and his foreman, Ulrich, had caused his injury in the workplace. Noonan demanded a jury trial. Although his right of trial by jury is secured to him by the Constitution and should remain inviolate, Article II, Section 26, Montana Constitution, 1972, the effect of the decision of the District Court and of the majority in this case is to deprive Noonan of his right to a *227 jury trial where he has presented a genuine issue as to a material fact.
Noonan was injured on December 22, 1980. At 7 o’clock in the morning he had gone to work and at 7:15 the injury occurred. He was “running lumber” at a planer, when a piece of wood became caught between two rollers. He went down to reach in and pull it out. The two rollers to his left were broke and scraping, and he had reported the broken condition of the rollers about a month prior but they were never fixed. When he put his hand in there, he was caught in the rollers and pulled in. The skin of his left arm was pulled off from his wrist to his elbow, he lost three fingers and a thumb, had a toe transplantation, all necessitating a severe and painful recovery process.
The buttons controlling the start and stop of the planer were reversed, “they weren’t hooked up right.” Noonan reported that when something was wrong with the machine, “he ran it until it broke; you don’t stop and fix.”
Noonan was not the first to be injured at the planer. On November 19, 1979, Neil R. Miller received a chipped bone in his right hand when he was removing a piece of wood from the planer and the roller caught his glove pulling his hand and arm between the rollers. Randal Noonan had earlier suffered a lacerated finger when he was pulling on a rope and slipped and struck a pulley on the planer. Robert Ulrich on August 12, 1980, suffered a smashed finger when he tried to remove a piece of wood which had been caught in the planer. Robert Ulrich also received a foreign body in an eye on September 18, 1980, when he was checking on the operation of the planer and a wood chip flew into his eye. Randal Noonan’s accident happened on December 22, 1980.
In Great Western Sugar Company v. District Court (1980), 188 Mont. 1, 7, 610 P.2d 717, 720, this Court set out the test for “intentional harm” that removes an employer from the protection of the exclusivity clause of the Workers’ Compensation Act, Section 39-71-411. If the harm is maliciously and specifically directed at a class of employee, and if out of such specific intentional harm an employee is injured as a proximate result, the test is met.
It should be axiomatic that the proof of malicious and specifically directed harm can be inferred from the facts and circumstances surrounding the occurrence. If that be not true, the only possible way for an employee to recover for an intentionally-caused injury from an employer would be the direct admission of the employer that he *228 did in fact so wilfully intend. Surely the law cannot be so constricted as to prevent a jury or other trier of fact from determining from all the surrounding facts and circumstance whether in fact the harm was malicious on the part of the employer and specifically directed at a class of employee working on the same machine. This Court has no trouble in criminal cases, where the proof against the defendant must be beyond a reasonable doubt, that his criminal intent may be inferred from the facts established by witnesses and the circumstances developed by the evidence. State v. Welling (Mont. 1982), [199 Mont. 135,] 647 P.2d 852, 39 St.Rep. 1215; State v. Weaver (Mont. 1981), [195 Mont. 481,] 637 P.2d 23, 38 St.Rep. 2050. We have stated that intent to injure may be presumed from acts knowingly committed. State v. Brown (1959), 136 Mont. 382, 351 P.2d 219. This Court has no trouble holding that actual fraudulent intent within the meaning of the Uniform Fraudulent Conveyance Act may be established by circumstantial evidence. Montana National Bank v. Michels (Mont. 1981), 631 P.2d 1260, 1263, 38 St.Rep. 334, 337. What beguiling charm of intellect allows inferences to establish malicious intent in criminal cases, in fraudulent conveyances cases, but not in a case where a man’s left arm is literally ripped to pieces?
I would hold in this case that a genuine issue of material fact exists here as to whether the employer maliciously and specifically directed intentional harm to the plaintiff. A jury should decide that issue.
From a reading of the District Court’s memorandum granting summary judgment, I must conclude that the District Court was led off-base by another beguiling argument. The district judge principally felt that Noonan, in accepting Workers’ Compensation benefits, had made an “election” which prevented him from suing the employer for intentional harm.
In this case the insurance company which protects Spring Creek from tort liability is also the insurer that provides coverage for its Workers’ Compensation cases. The insurer, through Missoula Service Company, on December 30, 1980, invited Noonan to make an industrial accident claim by sending him claim forms for compensation and assuring him that “you will receive all the benefits to which you are entitled according to law.”
It is not inconsistent for Noonan to be receiving Workers’ Compensation benefits at the same time that he is proceeding with his intentional harm claim against his employer. If he should lose the intentional harm claim, he is nevertheless undoubtedly entitled to *229 Workers’ Compensation benefits. If he should win his intentional harm claim, the payments provided by the employer under the Workers’ Compensation Act would be an offset to any recover he might make on the intentional harm claim. Thus, the recoveries against the employer are merely cumulative; there is no inconsistency as far as Noonan is concerned, because on the same set of facts he is contending that an intentional harm occurred.
In Massett v. Anaconda Company (Mont. 1981), 630 P.2d 736, 739, 38 St.Rep. 961, 964, this Court held that an employee’s application for a 30 year pension to his employer did not bar his claim for disability benefits from the same employer. In passing we said:
“As a legal doctrine, election is the exercise of a choice of an alternate and inconsistent right or course of action. Full knowledge of the nature of inconsistent rights and the necessity of choosing between them are elements of the election. (Citing authority) (election of remedies presupposes the knowledge of alternatives with an opportunity for choice); (Citing authority) (in order that election of one remedial right shall bar another, the rights must be inconsistent and the election must be made with knowledge.) ...”
In other cases we have held that an election of remedy exists only when a remedy is pursued to a final conclusion. State ex rel. Crowley v. District Court, Gallatin County (1939), 108 Mont. 89, 88 P.2d 23. We have said that an apparent election made under a mistake as to rights is not binding as “election of remedies,” Rowe v. Eggum (1938), 107 Mont. 378, 87 P.2d 189.
“Mere acceptance of some compensation benefits, then, is not enough to constitute an election. There must also be evidence of conscious intent to elect a compensation remedy and to waive his other rights.” 2A. Larson 12-117 to 12-121, section 67.35, (1983).
In this case it is clear that the remedies are cumulative, that Noonan has not procured a final disposition of his Workers’ Compensation claim, that he plainly has not waived his right to sue for the intentional harm, and the mere acceptance of compensation does not constitute an election. The District Court erred in giving effect to the doctrine of the election of remedies to grant summary judgment against Noonan.
Noonan has also asked us on appeal to grant him summary judgment as to the employer’s liability on his intentional harm case. It is true that in the District Court, Spring Creek did nothing to disprove the facts and circumstances which give rise to the inference here of intentional harm by the employer. Still, for the same reason that I *230 feel that summary judgment should not have been granted against Noonan, I feel that summary judgment should not be granted against Spring Creek. The issue of fact is for a trier of fact, in this case for the jury which was demanded.
I would reverse and remand for trial upon the merits of the plaintilf’s claim of intentional tort.